ALFRED D. RADLEY *vs.* ISABEL W. SHACKFORD.

Suffolk.   March 8, 1916. — April 6, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Mortgage*, Of real estate: foreclosure sale. *Evidence*, Presumptions and burden of proof.

In an action brought in behalf of a mortgagee of real estate, who had bought the mortgaged property at a foreclosure sale for $4,000, to recover a balance of $2,500 due on the mortgage note, the defendant set up the defence that the foreclosure sale was conducted improperly and that, if it had been conducted properly, the proceeds from the sale of the mortgaged property would have been more than enough to pay the full amount due on the note. There was evidence that at the time of the foreclosure sale the note long had been overdue, that the interest had not been paid for more than two years and that no taxes had been paid by the mortgagor for the preceding three years, that the plaintiff frequently had made demands on the defendant for the payment of interest and principal, that the sale was duly advertised, that the defendant received notice of it and attended the sale, and that, although there was snow on the ground and it was snowing at the time, the defendant did not protest against the sale taking place and did not ask for an adjournment of it. The defendant offered to show that the fair market value of the real estate was $6,500. The judge excluded the evidence and ordered a verdict for the plaintiff in the sum of $2,510.14. *Held*, that, assuming

that the evidence was competent, its exclusion did not harm the defendant, because the fact that the real estate was bought by the mortgagee for $2,500 less than its market value did not in itself establish bad faith on the part of the mortgagee in executing the power of sale, his purpose apparently having been to obtain a fair price for the property in accordance with the terms of the power and not to secure the property for himself for less than its value; and that, the burden of showing bad faith being on the defendant, it was proper to order a verdict for the plaintiff.

CONTRACT for a balance of $2,500 due on a mortgage note, after applying to the payment of the principal and interest due on the note the proceeds from a foreclosure sale amounting to $4,000. Writ dated January 11, 1916.

The defendant's answer was as follows: "Now comes the defendant in the above entitled cause and says that on or about the ninth day of March, 1916, the said plaintiff caused to be sold under a foreclosure of mortgage certain property which had been mortgaged to secure the note sued upon; that said sale was made under protest of the said defendant at a time of the year which was most unfavorable for the sale of such property, and notwithstanding the request of the defendant for an adjournment of said sale; that if said sale had been held at a later date and at the season when property was normally marketable in the spring, it would have been a more favorable opportunity to sell the property and more would have been realized from the sale thereof; that there were no bidders at said sale except the plaintiff or some one acting in his behalf, who bid the property in for the benefit of Ida H. Jarvis, who is the real plaintiff in this case, and not the said Radley."

In the Superior Court the case was tried before *Hall,* J. Certain facts were agreed to by the parties. These facts are stated in substance in the opinion. In addition to the agreed facts, the defendant offered to prove by a duly qualified expert that in his opinion the fair market value of the premises at the time of the foreclosure sale at such a sale was $6,500. The judge excluded this evidence.

The agreed facts and the defendant's offer of proof constituted the entire record in the case, all previous proceedings and testimony having been waived. The judge ordered a verdict for the plaintiff in the sum of $2,510.14; and the defendant alleged exceptions.

*G. A. Sweetser,* for the defendant, submitted a brief.

*A. D. Radley, pro se.*

CARROLL, J.   The defendant mortgaged certain real estate to Ida H. Jarvis to secure a note for $5,500.   No interest had been paid thereon since August 19, 1913.   In March, 1916, the plaintiff, to whom the note and mortgage had been transferred for the purpose of foreclosure and suit, sold the premises at foreclosure sale to the mortgagee, Ida H. Jarvis, for $4,000.   In this action the plaintiff seeks to recover the balance due upon the note.

The sale was advertised in the Chelsea Gazette, as required by the mortgage, on February 12, 19 and 26, 1916.   On March 4, 1916, notice of the auction sale was published in the Boston Transcript and fifty posters giving notice of the sale were posted in various parts of Chelsea.   For a year previous to the sale the property was in the hands of a real estate broker, one William Williams, for the purpose of sale; he was also a duly licensed auctioneer and sold the premises at the foreclosure sale.   The defendant February 12, 1916, received a copy of the Chelsea Gazette. She was present at the sale, and although there was snow on the ground and it was snowing at the time, she made no protest nor did she request an adjournment.   From January, 1914, the plaintiff repeatedly made demands on the defendant for the payment of interest and principal.

The defendant offered to show that the fair market value of the real estate was $6,500.   This evidence was excluded.   There was a verdict for the plaintiff for the sum of $2,510.14.

Assuming this evidence to be competent (*Bon* v. *Graves,* 216 Mass. 440), it is not enough standing by itself to establish bad faith in the execution of the power.   *Learned* v. *Geer,* 139 Mass. 31.   *Vahey* v. *Bigelow,* 208 Mass. 89, 93.

The note was long overdue, the interest had not been paid for more than two years, and no taxes for the years 1913, 1914 and 1915 had been paid by the mortgagor.   The sale was duly advertised, and, though the defendant was present, she did not object to the sale nor ask for an adjournment.   We find no evidence of fraud in the conduct of the plaintiff.   Apparently her purpose in making the sale was to obtain a fair price for the property in accordance with the terms of the power, and not to secure it for herself.   While the case may be a hard one for the defendant, the

burden resting upon her, to show bad faith or that the sale was not properly conducted, has not been sustained. *Vahey* v. *Bigelow, supra.*

*Exceptions overruled.*