TIHAMER H. FENNYERY & others *vs.* FRANCES J. RANSOM, administratrix.

Hampden. November 18, 1897. — February 24, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Mortgage — Foreclosure Sale — Equity — Laches — Recovery of Judgment in Action on Mortgage Note.*

A delay of sixteen years in bringing a suit in equity to avoid a sale of land under the foreclosure of a mortgage, especially when unaccompanied by any circumstances tending to explain it, constitutes such laches as will bar the suit; and the fact that the suit is brought by the heirs at law and devisees of the mortgagor makes no difference.

If the effect of a judgment recovered in an action upon a promissory note secured by a mortgage, the foreclosure of which realizes less than the debt, is to open the foreclosure, it is by force of Pub. Sts. c. 181, § 42, alone, and the right to redeem the premises is extended only one year from the recovery of the judgment.

BILL IN EQUITY, filed March 21, 1896, in the Superior Court, to redeem land in Springfield from a mortgage. The answer, among other defences, set up laches.

The case was referred to a master, who found and reported the following facts. The plaintiffs are the heirs at law and devisees of one Catherine M. Fennyery, deceased, and the defendant is the administratrix *de bonis non* with the will annexed of one Henry E. Ransom, deceased, and is the owner, or claims to be the owner, of the lot of land described in the bill.

The land in question was owned by Fennyery at the beginning of the year 1874, and was conveyed by her to Ransom by a deed dated February 19, 1874, and duly recorded, in which the consideration was expressed to be $1,000. Ransom reconveyed the property to Fennyery by a deed dated January 24, 1877, and duly recorded, in which deed the property was expressed to be free from all encumbrances except a mortgage for $500 to Fennyery, and the consideration in the deed was expressed to be $500. On the same day, Fennyery, together with her husband, gave a mortgage, which is the mortgage mentioned in the bill and the mortgage in question, to Ransom, to secure the payment of her promissory note for $500, payable to Ransom in five years from date, with interest at the rate of six per cent per annum, payable annually; and the mortgage contained a power of sale in case default should be made in the payment of any portion of the note or interest.

Default was made in the payment of the interest on the note, no interest having been paid thereon, and while the default continued Ransom caused to be published in a newspaper printed in Springfield, and admitted to be a suitable newspaper for the purpose, on July 1, 8, and 15, 1879, a notice that, for a breach of the condition of the mortgage, the premises would be sold at public auction on August 4, 1879.

On July 2, two copies of the published notice were cut from the newspaper and posted up in two public places in Springfield, one on the bulletin board at the city hall, and one on the bulletin board at the court house, each of the places being distant about a mile and a half from the premises. No notice of the intended sale was given to Fennyery other than by the publication and posting. Fennyery was unable to read English, but could read German, and her husband was able to read both English and German. The mortgage and note were written in English, and the notices of the intended sale were printed in English. No newspaper was taken by Fennyery, or in her family, except one printed in the German language. Neither Fennyery nor any of her family knew of the intended sale prior to the time of the sale.

Pursuant to the notice above described the premises were sold by public auction upon the premises, on August 4, 1879, to one

Dickinson, for $200, which sum was less than the fair value of the lot. At the time of the sale there were but few houses and dwellings in that portion of the city, but new streets had been laid out in that vicinity, and a fair value of the premises at the time of the sale was from $400 to $500. There were present at the auction sale only four persons; namely, Ransom, the mortgagee, his attorney, the auctioneer, and Dickinson, the last being there at the request and in the interest of the mortgagee. These parties arrived at the premises at about the hour advertised for the sale, and waited a little time to see if other persons would come.

Only two bids were made for the property, the first one by the attorney of the mortgagee, who bid a sum less than $200, and the second one by Dickinson, who bid $200, under instructions from the mortgagee not to bid any larger sum, and who made the bid not for himself, but in the interest of the mortgagee. Fennyery was not present at the sale, but she was at her residence, which was distant from the premises about two hundred or three hundred yards, and from which the premises and any persons thereon could be readily seen, but there was no satisfactory evidence that she did see any persons on the premises at the time of the auction. At about the time of the sale, but whether before or after it occurred is uncertain, she was informed by a neighbor that the lot was sold or was being sold.

Directly after the sale, and on the same day, the mortgagee, Dickinson, and the attorney went to the office of the attorney, and a deed of the premises was made and executed by Ransom, acting as attorney for Fennyery, and in his own right under the mortgage conveying the premises to Dickinson, who at the same time executed and delivered a quitclaim deed of the premises to Ransom. No money passed in the transaction. No indorsement of any sum was made upon the note described in the condition of the mortgage. The deeds were dated and acknowledged on August 4, 1879, and duly recorded. Whatever title Ransom took to the premises by the sale and deeds of August 4, continued in his name until his death, and passed by his will to the defendant in this suit.

"Upon the question of the good faith of the mortgagee in foreclosing the mortgage, I find as follows: 1. All the requirements

of the power of sale contained in the mortgage were literally complied with. 2. No effort was made by the mortgagee to inform the mortgagor of the intended sale, although the premises were situated in the immediate vicinity of the residence of the mortgagor, and the mortgagor did not in fact know of the intended sale before the time thereof. 3. The sum for which the premises were sold was less than the fair value thereof. 4. No person was present at the sale except those who came in the interest and at the request of the mortgagee. 5. The property was purchased in the interest of the mortgagee, and afterwards, and as a part of the same transaction, was conveyed to the mortgagee."

Subsequently, on February 5, 1882, and after the note had become due, an action at law was commenced by Ransom against Fennyery and her husband, to recover the balance due on the note.

The defendants in that case appeared and filed an answer. Judgment was rendered therein on July 8, 1882, for the plaintiff, in the sum of $471.60 damages, and $19.11 costs of suit. Execution was issued upon the judgment on August 4, 1882. After the issuing of the execution, the attorney for the defendants made to the attorney for the plaintiff a proposition to satisfy the judgment and execution if the plaintiff would deduct the sum of $40 therefrom. This proposition was accepted and the execution was satisfied by the payment by the defendants of the sum of $477.77. In the course of the negotiations for the settlement, a statement of the account of the sale was made to the attorney for Fennyery, and no objection appears to have been made thereto.

Ransom continued to reside within the Commonwealth for more than one year after the recovery of the judgment above mentioned.

A decree was entered, dismissing the bill; and the plaintiffs appealed to this court.

*A. M. Copeland*, for the plaintiffs.

*E. P. Kendrick*, for the defendant.

MORTON, J. Even if the bill had been seasonably filed, it is doubtful whether, upon the facts found by the master, the mortgagor or her heirs or grantees would have been entitled to redeem. It is well settled that a foreclosure sale will not be set aside because the property was sold for less than it was worth,

or because there were no bidders present except the mortgagee and persons who were present in his interest, or because the property was struck off to some one for him and was afterwards· conveyed to him, or because notice of the sale was not given to the mortgagor if the mortgage did not require it, or because the sale was not adjourned and more effort made to procure the attendance of bidders so as to prevent a sacrifice, it not being alleged that an adjournment would have resulted in a higher price being realized. *Austin* v. *Hatch*, 159 Mass. 199. *Marcus* v. *Collamore*, 168 Mass. 56. *Learned* v. *Green*, 139 Mass. 31. *Dyer* v. *Shurtleff*, 112 Mass. 165.

The mortgagee is bound to observe the requirements of the mortgage, and to conduct the sale with entire good faith, and to use reasonable efforts to protect the interests of the mortgagor. *Stevenson* v. *Dana*, 166 Mass. 163. But the fact that the sale may have been a hard one for the mortgagor is not ground for setting it aside.

It is not necessary, however, to pass upon the question of the validity of the sale, since we are of opinion that, if the sale could have been avoided, the mortgagor and those claiming under her have been guilty of such laches that it would be unreasonable and unjust to permit them to avoid it now. The sale took place on August 4, 1879. Mrs. Fennyery knew of it when it occurred. She took no steps to impeach its validity. If she desired to have the sale set aside on account of any alleged irregularities, she should have brought her bill within a reasonable time after the sale took place. The bill in this case was not filed till March, 1896. A delay of between sixteen and seventeen years is altogether inexcusable, especially when unaccompanied by any circumstances tending to explain it. *Learned* v. *Foster*, 117 Mass. 366.

The fact that the bill is brought by the heirs at law and devisees of Mrs. Fennyery does not help the matter. They can stand in no better position than she would have stood in. The circumstances attending the settlement of the suit in 1882 tend strongly to show that she acquiesced in the sale. If the effect of the judgment recovered by the mortgagee in 1882 was to open the foreclosure, we think that it must be because of Pub. Sts. c. 181, § 42, and for no other reason, and that by that statute the

right to redeem was extended only one year from the recovery of the judgment, which expired long since. The suit was brought to recover a balance due after crediting to the mortgage debt the proceeds of the foreclosure sale, and we discover no other ground on which it could be held that the judgment had opened the foreclosure.                    *Decree affirmed.*