WILLIAM J. WILLIAMS, administrator with the will annexed, *vs.* MARK VAN DAM & another.

Suffolk.  · March 9, 1923. — June 22, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY & PIERCE, JJ.

*Equity Jurisdiction*, To set aside fraudulent foreclosure of a mortgage.  *Executor and Administrator.*  *Statute*, Construction.

The administrator with a will annexed of a deceased mortgagor of real estate, without procuring from the Probate Court a license to sell the testator's real estate, may maintain under G. L. c. 244, § 33, a bill in equity to set aside a fraudulent sale to the mortgagee of the real estate in foreclosure of the mortgage and to redeem from the mortgage, although it appears that the foreclosure proceedings were begun and the sale was held after the deaths of both the plaintiff's testator and of his wife, that the wife was the sole devisee under his will and that she left no known heirs in this Commonwealth.

BILL IN EQUITY, filed in the Superior Court on October 25, 1922, by the administrator with the will annexed of George F. Braxton, late of Boston, alleging that the plaintiff's testator on April 17, 1922, made a mortgage of real estate to the defendants to secure the payment of a sum alleged to be $1,100, payable $10 on the principal weekly, balance in two years; that the consideration of the mortgage was $800 and not $1,100 and that the value of the real estate was $4,000; that the plaintiff's testator died on April 28, 1922; that his will named his wife as sole executrix and devisee; that she died on May 23 before a citation, issued by the Probate Court on a petition for proof of his will, filed by her, was returned, leaving no known heirs in this Commonwealth; that the defendants started foreclosure proceedings on June 24 by publication of notice of a sale to be held on

July 18; that the sale was held on that date and that the property was purchased by the defendants for $1,400; that the plaintiff filed a petition to be appointed as public administrator of the estate of the testator's widow on June 28 and was appointed such on July 25; that the will of the testatrix was proved and the plaintiff was appointed administrator with the will annexed on August 17; that the defendants " discouraged bidding at said sale by not having the auctioneer's flag properly displayed, by insisting upon a cash payment of $1,000 at the time and place of sale, and by requesting bidders not to bid at said sale but to purchase the real estate from the respondents after the sale." The prayers of the bill were that the total amount payable under the mortgage deed and the amount then due thereunder be established, and that, upon the payment by the plaintiff of the amount due under the mortgage deed, the foreclosure sale be declared null and void and of no effect.

The defendants demurred to the bill on the ground that it disclosed no ground for equitable relief to the plaintiff, that it disclosed nothing against law or equity " affecting the rights of the plaintiff, as he is administrator as aforesaid, or of his testate, George F. Braxton," and that " the only persons possibly affected, in law or in equity, by the alleged conduct of the defendants, or either of them, are the heirs or legatees of said George F. Braxton, in their own right, or their legal representatives."

The demurrer was heard by *Wait,* J., by whose order a decree was entered sustaining it and dismissing the bill. The plaintiff appealed.

*J. D. Mulloney,* for the plaintiff.

*E. Greenhood,* (*J. H. Samuel* with him,) for the defendants.

BRALEY, J.   If the foreclosure of July 18, 1922, had been made in the lifetime of George P. Braxton, the mortgagor, of whose estate the plaintiff is administrator with the will annexed, it could have been reopened in a suit by him and redemption decreed on proof of allegations similar to those of the present bill, with an offer to redeem, because of misconduct in the execution of the power of sale which is admitted by the demurrer. *Bon* v. *Graves,* 216 Mass. 440,

446, and cases cited. *Emerson* v. *Atkinson,* 159 Mass. 356, 360. The plaintiff however brings suit under G. L. c. 244, § 33, which provides that, " If the person entitled to redeem a mortgaged estate dies, his heirs, devisees, executor or administrator may make a tender or commence or prosecute a suit for redemption which the deceased might have made, commenced or prosecuted." The demurrants contend, that the testator's widow Kate L. Braxton, the sole devisee, having died intestate May 23, 1922, and it not appearing that any license to sell for the payment of debts had been granted by the court of probate, and the heirs at law of the widow being the only persons interested in or " affected . . . by the alleged conduct of the defendants " the demurrer was rightly sustained and the bill dismissed. The equity of redemption at his death April 28, 1922, was part of the testator's estate the whole of which she took under the will, and at her death May 23, 1922, it undoubtedly became part of her estate of which the plaintiff on July 25, 1922, was appointed public administrator under G. L. c. 194. If the widow were living it would be unnecessary for the plaintiff to obtain license to sell as a condition precedent to redemption. A decree in his favor would have enured for her sole benefit. *Aiken* v. *Morse,* 104 Mass. 277. *Long* v. *Richards,* 170 Mass. 120. But even if she died before the foreclosure and it is assumed that she was unmarried, the plaintiff can redeem for the benefit of her next of kin, if any, whether they are residents or nonresidents, and if eventually no heirs are found the estate after the payment of debts and charges of administration will escheat to the Commonwealth. G. L. c. 190, § 3, cl. 7. The statute being remedial should be liberally construed, and we find nothing at variance with our conclusion in *Aiken* v. *Morse,* 104 Mass. 277; *Mason* v. *Daly,* 117 Mass. 403; *Long* v. *Richards,* 170 Mass. 120, and *Clark* v. *Seagraves,* 186 Mass. 430, the only cases where on facts plainly distinguishable from the case at bar it has previously been considered and applied. The decree must be reversed and the demurrer overruled.

*Ordered accordingly.*