CELINA TALBOT & others *vs.* ARCHIE GINGRAS & others.

Hampshire. September 19, 1923. — October 9, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & CARROLL, JJ.

*Equity Jurisdiction,* To set aside foreclosure sale. *Mortgage,* Of real estate: foreclosure.

One interested in the estate of a deceased mortgagor of real estate only as a creditor who, without making an attachment of the real estate, has brought a suit in equity to enforce his claim, has no right to redeem the real estate from the mortgage nor to maintain a suit to set aside a foreclosure sale for alleged failure to give notice thereof and because of inadequacy of the price for which it was struck off to the purchaser.

An agreement in writing between the creditor above described and the mortgagee that the mortgagee would not foreclose the mortgage until the

mortgagor's estate was settled, and a further oral agreement by the mortgagee that when the mortgage was foreclosed he would buy the property as cheaply as he could, hold it for a while and then sell it and give to the creditor the benefit of the excess of such sale price over the amount of the mortgagee's claim, gave to the creditor no lien upon nor interest in the property nor right to maintain a suit in equity to set aside the sale for lack of notice and inadequacy of price.

Where it appears that the provisions of a mortgage of real estate relating to a foreclosure by sale upon breach do not require that, in case of death of the mortgagor, personal notice of the sale be given to his widow or heirs at law or to the administrator of the estate of the mortgagor, no such notice need be given.

A master, to whom was referred a suit in equity by the widow, heirs at law and administrator of the estate of a deceased mortgagor of real estate to set aside a sale in foreclosure of the mortgage on the grounds of lack of notice and inadequacy of price, found that the foreclosure was in compliance with law and in accordance with the conditions of the mortgage, and that there was no concealment of the time or place of sale or of the intention of the mortgagee to foreclose.  *Held,* that

(1) It appearing that at least twenty persons attended the sale, it was valid, especially since no request for an adjournment was made;

(2) The mere fact that the purchaser at the sale, who was a tenant of a part of the mortgaged premises, previous to the sale had offered to the administrator of the estate of the mortgagor a much larger amount than he bid at the sale and that he would have bid a much larger sum in order to have protected himself, did not invalidate the sale, where it appeared that the morgtagee was ignorant of those facts;

(3) In the absence of any fiduciary or confidential relation between the purchaser and those who had succeeded to the mortgagor's interest, and of any fraudulent purpose on his part, the purchaser in the competitive bidding had the right to obtain the property for the amount of his bid.

BILL IN EQUITY, filed in the Superior Court on July 1, 1921, by Celina Talbot, the widow, Marie L. LeComte and Hormidas Talbot, heirs at law, and Oscar O. LaMontagne, administrator of the estate of Charles Talbot, late of South Hadley, and by Rose Champagne, alleged to be a creditor of that estate who had brought a suit in equity to enforce her claim, against Archie Gingras and Rose Gingras and Arthur H. Holly, to have cancelled and set aside a sale of real estate to the defendant Holly in foreclosure of a mortgage given by Charles Talbot to the defendants Gingras.

In the Superior Court, the suit was referred to a master. Material findings by the master are described in the opinion. After a hearing by *King,* J., there were entered an interlocutory decree confirming the master's report and a final

decree dismissing the suit. The plaintiffs appealed only from the final decree.

The case was submitted on briefs.

*O. O. Lamontagne & T. B. O'Donnell,* for the plaintiffs.

*M. L. Welcker & F. E. Richard,* for the defendants.

BRALEY, J. The bill contains no offer to redeem. It asks that the foreclosure sale, no deed having been delivered to the purchaser, be set aside because no notice was given to the plaintiffs, and the price was less than the value of the property. The master to whose report no exceptions were taken, finds, that the foreclosure because of default in payment of principal was in compliance with law and in accordance with the conditions of the mortgage, and that there was no concealment of the time or place of sale or of the intention of the defendants, the mortgagees, to foreclose.

The plaintiff Rose Champagne, not being the widow nor an heir at law of the intestate mortgagor, must rely on other grounds for relief. But even if she brought a bill in equity which is still pending, claiming to be a creditor of his estate, and an attaching creditor stands in the position of a purchaser for value, the record fails to show any attachment. *Whitney* v. *Metallic Window Screen Manuf. Co.* 187 Mass. 557. If it be assumed that she is a creditor in some form, it is settled that a simple contract creditor cannot maintain a bill to redeem. *McDougald* v. *Capron,* 7 Gray, 278. *Grant* v. *Duane,* 9 John. 591, 611. Story Eq. Jur. § 1223. G. L. c. 244, § 18. It is also plain that she cannot avail herself of G. L. c. 244, § 33, that " If the person entitled to redeem a mortgaged estate dies, his heirs, devisees, executor or administrator may make a tender or commence . . . a suit for redemption which the deceased might have made, commenced or prosecuted." *Williams* v. *Van Dam, ante,* 61. The agreement in writing of the mortgagees with her that they would not foreclose until the mortgagor's estate had been settled, and the final oral agreement with Archie Gingras, one of the mortgagees, that when the mortgage was foreclosed he would buy the property as cheaply as he could, " hold it for a while and then sell it and give her the benefit of the excess of such sale price over the amount of his claim,"

need not be considered. The agreements conferred on her no lien or interest in the property. The foreclosure moreover was made at her request, and she was shown the notice and received a copy of the newspaper containing its first publication. It is immaterial that neither she nor her counsel were at the auction, and that Gingras although present permitted the sale to be made to the defendant Holly, the highest bidder, who had no knowledge of the agreements. *Brown* v. *Wentworth,* 181 Mass. 49, 52.

The other plaintiffs, the widow, heirs at law of the mortgagor, and the administrator of his estate, fail to show on the facts appearing in the record that the foreclosure was irregular because not strictly in accordance with the proper execution of the power, which did not require that they should receive personal notice of the time and place of sale. G. L. c. 244, § 14. At least twenty people attended the sale and no request for an adjournment was made, and, even if the defendant Holly, who was the purchaser and a tenant of a part of the estate, previously had offered the administrator a much larger amount, which he declined to accept, the mortgagees were ignorant of the offers as well as of the fact that if necessary he would have increased his bid in order to protect himself. The bidding was competitive and in the absence of any fiduciary or confidential relations or fraudulent purpose Holly had the right to obtain the property for the amount which he bid.

The master's finding that inadequacy of price had not been shown must stand and, the mortgagees having " foreclosed because they wanted their money, and not from any improper motive," and the sale having been conducted with reasonable regard for the interests of those claiming under the mortgagor, the decree dismissing the bill should be affirmed. *King* v. *Bronson,* 122 Mass. 122. *Wing* v. *Hayford,* 124 Mass. 249. *Austin* v. *Hatch,* 159 Mass. 198. *Turansky* v. *Weinberg,* 211 Mass. 324. *Bon* v. *Graves,* 216 Mass. 440. *Taylor* v. *Weingartner,* 223 Mass. 243, 247, 248. *Winchester Rock & Brick Co.* v. *Murdough,* 233 Mass. 50.

*Ordered accordingly.*