## Eva Gadreault *vs.* Homer Sherman.

Franklin.    September 17, 1924. — October 18, 1924.

Present: Rugg, C.J., Braley, Crosby, Pierce, & Wait, JJ.

*Mortgage,* Of real estate: foreclosure by sale. *Fraud. Equity Pleading and Practice,* Appeal; Master: recommittal, finality of findings where evidence not reported.

After the filing of a master's report in a suit in equity, a motion by the plaintiff that it be recommitted for the finding of certain additional facts was allowed and an interlocutory decree was entered to that effect.  The defendant did not appeal therefrom, but, before the master, objected to the introduction of evidence on the matters described in the interlocutory decree and to findings by the master thereon.  His objections were overruled and he excepted on the ground that such matters were irrelevant and immaterial to any issue in the suit.  An interlocutory decree was entered overruling the exceptions and confirming the reports, and from that decree the defendant appealed. *Held,* that

(1) The order of recommittal was discretionary and could not be reviewed on the record;

(2) The exceptions to the supplemental report of the master were not well taken and the interlocutory decree overruling them and confirming the report was affirmed.

A master, to whom was referred a suit in equity by a woman to set aside a sale in foreclosure of a mortgage of real estate owned by her, found, without a report of the evidence, in substance that the defendant was assignee of the mortgage; that he had been acting for one who had prosecuted an action against the plaintiff's brother, a former owner, had obtained judgment and execution thereon, and had purchased the land at an execution sale; that the defendant started foreclosure proceedings two days after he received his assignment; that the plaintiff had told the defendant's assignor that she was willing to redeem at any time, but that this was not communicated to the defendant; that the foreclosure was in all respects regular and in compliance with G. L. c. 244, § 14, and with the terms and conditions of the mortgage; that the plaintiff had no actual notice thereof; that the property was worth $1,200 and was sold at foreclosure sale to the defendant for $250; that two persons besides the auctioneer were at the sale and there were two bids; that the defendant did not intentionally conceal from the plaintiff the fact that the mortgage was being foreclosed; that in making the sale the defendant was acting for himself in his individual capacity and not as attorney for any one, and that his purpose was to satisfy his mortgage and was not to secure the property for his client, the judgment

creditor. There was no allegation in the bill or findings by the master that an adjournment of the sale would have resulted in an increased price. A judge who heard the suit on the report found that the facts found by the master and reasonable inferences therefrom disclosed a failure on the part of the defendant to exercise the good faith which the law required, and entered a decree setting the sale aside and permitting the plaintiff to redeem. The defendant appealed. *Held*, that

    (1) The master's findings of fact must stand;

    (2) The facts found by the master failed to show bad faith on the part of the defendant in the exercise of the power of sale;

    (3) The decree appealed from must be reversed and the suit dismissed.

BILL IN EQUITY, filed in the Superior Court on June 23, 1923, seeking to enjoin the defendant from prosecuting an action of summary process in the District Court of Franklin to gain possession of land of the plaintiff in reliance upon a title acquired by the defendant as purchaser at a sale in foreclosure of a mortgage of which he was assignee, and to have the foreclosure sale and deed set aside and the plaintiff permitted to redeem the property from the mortgage.

The suit was referred to a master. The master found that the foreclosure of the mortgage was in all respects regular and in compliance with G. L. c. 244, § 14, and with the terms and conditions of the mortgage, and that there had been a default of the condition of the mortgage which continued up to the time of the foreclosure sale. Other facts found by the master are described in the opinion. An interlocutory decree was entered by order of *Whiting*, J., on motion of the plaintiff, recommitting the suit to the master for the purpose of ascertaining and reporting upon the following questions:

" 1. What was a fair value of the property at the time of the foreclosure sale?

" 2. Whether or not more than one person made a bid at the auction sale.

" 3. What knowledge, if any, did the defendant have at the time of the foreclosure sale of the plaintiff's offer to pay Edwin O. Gale the amount of the principal and interest and his refusal to accept the payment?

" 4. Whether or not the real purpose of the defendant in foreclosing the mortgage was to satisfy his mortgage or to

obtain the property for his client on account of the judgment obtained in a suit of Muriel G. Rice *v.* Walter Beaudry [the plaintiff's brother, a former owner of the property].

" 5. Whether or not the defendant intentionally concealed from the plaintiff the fact that the mortgage was being foreclosed so as to prevent her paying the mortgage or bidding at the sale or otherwise protecting her interests.

" 6. Whether or not the defendant in taking an assignment of the mortgage from Edwin O. Gale or in foreclosing the mortgage or in both matters acted for himself or for his client, Muriel G. Rice, the plaintiff in the case of Muriel G. Rice *v.* Walter Beaudry."

There was no appeal from such decree.

The master filed a supplemental report. In answer to the first question on recommittal, he found that a fair cash value of the property at the time of the foreclosure sale was $1,200. As to the second question, he found that there were two bids at the auction sale, one for $200 and the defendant's bid of $250. As to the third question, he found that the defendant had no knowledge of the plaintiff's offer to pay his assignor, the original mortgagee, the amount of the principal and interest, and did not know that he had told the plaintiff that " he was in no hurry for his money." In answer to the fourth question, the master found " that the defendant's object in foreclosing the mortgage was to satisfy his mortgage and not for the purpose of securing the property for his client on account of a judgment obtained in a suit of Muriel G. Rice against Walter Beaudry."

In answer to the fifth question, the master found " that the defendant did not intentionally conceal from the plaintiff the fact that the mortgage was being foreclosed, but that he proceeded in what he considered the ordinary and proper manner for the foreclosure of a mortgage."

In answer to the sixth question, the master found that the defendant was a reliable witness, that he gave full credit to his testimony, and that he found " as a fact that in making this sale he was acting for himself and in his individual capacity and not as attorney for Muriel G. Rice, or any other party."

The defendant excepted to the supplemental report, as described in the opinion. The reports and exceptions were heard by *Sisk*, J., who found as follows:

" The fair inference to be drawn from the statements and findings by the master is that the defendant was counsel for said Rice in her action against said Beaudry; that he obtained judgment for her against him, and that sale had been made of the property described in the mortgage upon execution issued in favor of said Rice against said Beaudry.

" It is plain that the defendant did not purchase this mortgage for an investment, as he took an assignment of the mortgage on November 2, 1922, and on November 4 following caused to be published in said paper a notice of foreclosure of this mortgage. It is a fair inference that the defendant knew that the plaintiff was the record owner of the property, and if, as the master finds, the defendant's purpose in foreclosing the mortgage was to satisfy the same, in view of the value of the property ($1,200) and the amount of the mortgage ($150), it is somewhat singular that he did not make demand on the plaintiff for the payment of said mortgage.

" Taking all the facts as found by the master, and the fair and reasonable inferences to be drawn from same, they disclose a failure on the part of the defendant to use that good faith which the law requires in executing a power, even though on the face of the record there was a technical compliance with its terms."

By order of the judge, there were entered an interlocutory decree dismissing a cross bill by the defendant, confirming the master's reports, and overruling exceptions thereto, and a final decree setting aside the foreclosure sale and giving the plaintiff a right to redeem. The defendant appealed from both decrees.

*A. P. Carpenter*, for the defendant.

*H. P. Ware*, for the plaintiff.

BRALEY, J. The master's original report, to which all objections were waived, states, that the power of sale was fully executed and the mortgage regularly foreclosed. The report, however, on the plaintiff's motion was recommitted,

and the defendant, who did not appeal, now contends that, the order having been based on inquiries not within the allegations of the bill, was irregular and the master had no authority to act. The order was discretionary; and it cannot be reviewed on the present record. *Daniels* v. *Daniels*, 240 Mass. 380, 385. It follows, that the defendant's exceptions to the master's supplemental report, that the questions raised by the order of recommittal were incompetent, irrelevant and immaterial to any issue in the case, and that the master erred in admitting any evidence to support them, are not well taken, and the interlocutory decree overruling the exceptions and confirming the report is affirmed. *Kennedy* v. *Welch*, 196 Mass. 592, 594.

The interest on the mortgage had been promptly paid to the mortgagee, but, the principal of $150 having become overdue, a foreclosure followed, of which the plaintiff had no actual notice although notice by publication had been given in conformity with the power. The defendant, who foreclosed, held the mortgage by assignment from the mortgagee, and at the time and place of sale he and one other person besides the auctioneer were present. But two bids were made, and the defendant, the highest bidder, obtained the property, valued by the master at $1,200, for $250.

The general principle has been repeatedly stated. The defendant was bound to act in good faith in the exercise of the power, using reasonable diligence to protect the interests of the plaintiff, the owner of the equity of redemption. *Bon* v. *Graves*, 216 Mass. 440, 446.

The trial judge found, that on all the facts reported by the master and the fair and reasonable inferences to be drawn therefrom, " they disclose a failure on the part of the defendant to use that good faith which the law requires in executing a power, even though on the face of the record there was a technical compliance with its terms." It may be assumed that, if demanded, or if she had received actual notice of the foreclosure proceedings, the plaintiff would have paid the principal and saved her property. But, even if the defendant knew the title was in the plaintiff, the power did not require a demand, and although he proceeded to

foreclose within two days after obtaining the assignment, the master finds, that his purpose was not to secure the property for the benefit of a client, who had obtained a judgment and sold the property on execution in an action against the plaintiff's brother, a former owner, from whom she acquired title, but to satisfy his mortgage. The evidence not being reported, the findings should not be set aside. *Hoshor-Platt Co.* v. *Miller*, 190 Mass. 285. *Fuller* v. *Fuller*, 234 Mass. 187. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330. It is manifest that the defendant's bid was much below the fair value. But the power permitted him to buy, and if it is assumed that his purpose was to make as much money as possible, that is insufficient to reopen the foreclosure where as in the case at bar the evidence fails to show bad faith in the exercise of the power. *Ryder* v. *Brockton Savings Bank*, 235 Mass. 476, 481. *Talbot* v. *Gingras*, 246 Mass. 356, 359. The bill does not allege, nor does the record show, that an adjournment would have resulted in a larger attendance, or an increased price, and inadequacy of consideration, is of itself insufficient to set the sale aside. *Fennyery* v. *Ransom*, 170 Mass. 303. *Taylor* v. *Weingartner*, 223 Mass. 243, 247.

The result is, that the suit cannot be maintained, and the final decree for the plaintiff must be reversed, and a decree entered dismissing the bill.

*Ordered accordingly.*