MAURICE J. WHITE & another *vs.* CARMEN MACARELLI & others.

Middlesex.     May 15, 1929. — June 7, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Mortgage,* Foreclosure.

A foreclosure sale of real estate by a bank under a power of sale in a mortgage, if free from fraud and conducted according to the terms of the power, is not rendered invalid by reason either of the fact that the sale price was less than the market value of the land or of the fact that the bank "was concerned in getting only the amount of its mortgage with interest and expenses."

It appeared that, at the sale of real estate by a bank in foreclosure of a mortgage, the bank was concerned only in getting the amount of its mortgage with interest and expenses and that its representative had made a bid of $3,338, which he knew was less than the value of the property, when a third party came across the street and asked what was going on. The auctioneer said he had received a bid of $3,338 (or thereabouts); that if the third party wanted the property he could get it by bidding a few dollars more than the bank, explaining that it was a foreclosure sale and subject to the conditions stated in the notice. The third party then bid $3,340 and the property was sold to him. *Held,* that such circumstances did not render the sale invalid.

If a foreclosure sale is conducted fairly and there is no defect in the proceedings, the right to redeem is gone when the contract of sale is made with the purchaser at the auction. Following *Brown* v. *Wentworth,* 181 Mass. 49, and distinguishing *Beal* v. *Attleborough Savings Bank,* 248 Mass. 342.

BILL IN EQUITY, filed in the Superior Court on May 3, 1928, and afterwards amended, in which the plaintiff sought to set aside a sale of real estate in foreclosure of a mortgage and to be permitted to redeem from the mortgage.

The suit was referred to a master. Material facts found by the master are stated in the opinion. There were no exceptions to the report. By order of *F. T. Hammond,* J., there were entered an interlocutory decree confirming the report and a final decree dismissing the bill. One Samuel Weisberg, who had been allowed to intervene as plaintiff, appealed.

*H. Kahn & B. Beerman,* for Weisberg, intervening plaintiff, submitted a brief.

*G. A. McLaughlin,* (*J. L. Edwards* with him,) for the defendants Macone and Reliance Co-operative Bank.

CARROLL, J.    This case is before us on an appeal by Samuel Weisberg, an intervener who held a second mortgage on the premises in question, from a final decree dismissing the bill.

The Reliance Co-operative Bank was the first mortgagee. It published on March 24 and 31 and April 7, 1928, the usual notice of foreclosure sale to take place on April 16, 1928. The bank agreed on April 14 with the then holder of the second mortgage to postpone the sale for one week. The foreclosure sale was held on the premises on April 23, 1928. The master found that the agent of the bank made a bid of $3,338; that "the auctioneer was about to say 'Are you all done?' when the defendant Macone and his wife came across the street and asked what was going on. The auctioneer said he had received a bid of $3,338 (or thereabouts) that if they wanted the property they could get it by bidding a few dollars more than the bank. He explained that it was a foreclosure sale and subject to the conditions stated in the notice. Macone then bid $3,340 and the property was sold to him." The master found that Dr. White, the agent of the bank, knew that $3,338 was less than the fair market value of the property and was concerned merely with obtaining the amount of its mortgage with interest and expenses. It was also found that, unless as matter of law on these facts the sale was invalid, it was honestly conducted in good faith by the bank and the auctioneer. Weisberg made on June 25, 1928, a tender to the bank of sufficient money to cover the mortgage with interest and charges. No objections were taken to the master's report. By interlocutory decree the report was confirmed. No appeal was taken from this decree.

The judge ruled that the bank acted in good faith in executing the power of sale; that after the contract of sale was made with the purchaser at the auction held under the foreclosure proceedings "the plaintiff's rights of redemption were gone." The evidence is not reported. No question of conflicting oral evidence being involved on this appeal, the whole

record is before us and we are in the same position as the trial judge. *Curran* v. *Magee,* 244 Mass. 1, 5.

The fact that the property was sold for a price less than its market value is not a reason for setting aside the sale if it was free from fraud and was conducted according to the terms of the power. *Fennyery* v. *Ransom,* 170 Mass. 303. *Gadreault* v. *Sherman,* 250 Mass. 145. Nor does the fact that the bank "was concerned in getting only the amount of its mortgage with interest and expenses" invalidate the auction sale. The bank was required to conduct the sale in good faith with reasonable regard to the interests of the owners of the equity and junior lienors. But it did not appear that the dominant purpose of the bank was to secure the property for itself at its own price, nor that it desired a sale at an unfair price. It was concerned with securing payment of its loan. This is not enough to show bad faith or disregard of its obligations as mortgagee. The conversation of the auctioneer with Macone does not show that the sale was improperly conducted. If he had been present from the beginning he would have known the amount of the highest bid; it could not be found that the sale was invalid because the auctioneer gave this information to him when he first appeared, as the trial judge found the suggestion of the auctioneer to Macone that he could get the property by "bidding a few dollars more than the bank" was uncalled for, but at most it amounted "to no more than telling Macone that the bank would not raise its bid." Macone could himself have found out this fact if he made a bid and no further bid was made by the bank; and there is no reason to suppose that he would have made a larger bid even if no suggestion had been made to him by the auctioneer. Taking all the facts collectively we are unable to find any legal reason for setting aside the foreclosure sale. *Taylor* v. *Weingartner,* 223 Mass. 243. *Talbot* v. *Gingras,* 246 Mass. 356. *Gadreault* v. *Sherman, supra.*

The intervener relies on *Bon* v. *Graves,* 216 Mass. 440, and *Williams* v. *Van Dam,* 246 Mass. 61. The facts in these cases distinguish them from the case before us.

The intervener contends that he has a right to redeem after the auction sale and before the conveyance is made. If a

foreclosure sale is fairly conducted and there is no defect in the proceedings, the right of the intervener to redeem is gone when the contract of sale was made with the purchaser at the auction. *Brown* v. *Wentworth*, 181 Mass. 49. See G. L. c. 244, § 22. *Beal* v. *Attleborough Savings Bank*, 248 Mass. 342, is not in conflict, and is not an authority for the contention that the right to redeem continues until the conveyance is made. In *Beal* v. *Attleborough Savings Bank* the point decided was that the mortgagee who had entered to foreclose and who sold the property under the power in the mortgage deed was accountable to the mortgagor for the rents received by the mortgagee between the date of the foreclosure sale and the time the conveyance was made. In the course of the opinion it is said that the mortgagor has an equity of redemption until conveyance is made under the power of sale. Until conveyance is made a mortgagor has an interest in the property and has rights against the mortgagee and the relation between them is not entirely at an end when the auction sale takes place. The mortgagee, in selling under a power of sale in a mortgage, is the trustee of the owner of the equity and of the holder of a junior lien; and it was held in *Dennett* v. *Perkins*, 214 Mass. 449, that where deposits of money were made at auction sales under the power, and defaults were made in the payment of the balance, the mortgagee held these deposits as trust property and should account therefor to the mortgagor. Until the contract of sale is completed the mortgagor has an equity in the property, but it is not strictly accurate to designate this interest as an equity of redemption. The mortgagor, after a valid auction sale under a power of sale in the mortgage deed, has no right to redeem, although he has an ownership of the equity.

*Decree affirmed with costs.*