JOSEPH P. MANNING *vs.* LIBERTY TRUST COMPANY.

Middlesex.   December 4, 1919. — January 9, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Mortgage,* Of real estate: foreclosure.   *Actionable Tort.*

The mere facts, that there was not present at a public sale in foreclosure of a
  mortgage any bidder other than a representative of the mortgagee and that
  the property brought at the sale a sum substantially less than its value, do not
  as a matter of law render the sale invalid.

At the trial of an action of tort by a mortgagor of real estate against the mort-
  gagee for damages alleged to have resulted from the exercise of bad faith on the
  part of the defendant in conducting a sale in foreclosure of the mortgage, it
  appeared that the mortgage was a construction mortgage, and that there had
  been a literal compliance by the defendant with the terms of the mortgage
  agreement; that after the mortgage note came due, the defendant twice in five
  months notified the plaintiff that the construction work was not going forward
  and that the defendant's interests were being jeopardized.   The mortgage sale
  was properly advertised.   Before the date of the sale the defendant had sought
  to interest other persons in the property.   The sale began on the advertised
  date at nine o'clock in the morning, which was very cold, clear and bright.
  There were present only the auctioneer, the plaintiff and a representative of
  the bank.   The plaintiff protested against the sale going forward.   The de-
  fendant bid in the property at a price substantially less than its value.   There
  was no evidence warranting an inference that an adjournment of the sale
  would have resulted in more bidders being present at the adjourned sale, any
  one of whom would have been ready and willing to pay more for the land than
  the amount for which it was bid in by the defendant.   *Held,* that the evidence
  did not warrant a finding for the plaintiff.

CONTRACT OR TORT for damages alleged to have resulted to the
plaintiff from bad faith and negligence of the defendant in the
foreclosure of construction mortgages upon five parcels of land.
Writ dated May 10, 1918.

In the Superior Court the action was tried before *Hitchcock,* J.
Material evidence is described in the opinion.   At the close of the
evidence the plaintiff elected to go to the jury on the counts in tort
only.   The defendant moved that verdicts be ordered in its favor
on those counts.   The motion was denied.   The jury found for
the plaintiff on the several counts in tort in sums which amounted
altogether to $4,050; and the defendant alleged exceptions.

*W. E. Clapp,* (*E. S. Page* with him,) for the defendant.

*P. A. Hendrick,* for the plaintiff.

PIERCE, J. This is an action of contract or tort to recover damages resulting to the plaintiff from the foreclosure under a power of sale, of certain mortgages on five distinct parcels of land situated in Watertown, Massachusetts, and owned by the plaintiff. The declaration as amended is in eight counts, four in contract and four in tort. Each count in tort, after describing a particular mortgaged parcel of land, set out in substance as the grievance complained of "that in the acceptance of said mortgage the defendant was bound in the exercise of the power of sale therein contained to observe good faith and suitable regard for the interest of the plaintiff in any sale that might be made under or by virtue of said power of sale; that on or about . . . [February 2, 1918] the defendant undertook and did sell said parcel of land with the buildings thereon at public auction, but in the conduct of said sale the defendant did not exercise good faith or suitable regard for the interest of the plaintiff in the manner and conduct of the said sale or in the advertising thereof nor in the time in which said sale took place, but on the contrary and notwithstanding the protest of the plaintiff the said premises were sold for a price far below its fair market value and by reason of the lack of good faith on the part of the defendant and the careless and negligent manner in which said sale was conducted, the plaintiff has been damaged." The counts in contract were based on the same allegations of fact. Primarily the case is before this court, after a verdict for the plaintiff, on exceptions to the refusal of the presiding judge to order a verdict for the defendant.

"The plaintiff admitted the legality of the mortgages, admitted that the same were overdue and that the bank had the right to foreclose, admitted that the notices of foreclosure were published in accordance with the requirements of the statute, and of the mortgage, and that the sale was made by a licensed auctioneer," and rested his case "wholly upon this proposition: that notwithstanding a literal compliance with the requirements of the mortgage and of the statute relative to foreclosure of mortgages, the bank did not exercise good faith and a reasonable regard for the interests of the plaintiff in the conduct of the sale." In essence, the allegation of the declaration as interpreted by the

plaintiff is a charge of bad faith, evidenced by a dishonest intention to take an unconscionable advantage of the plaintiff through the forms of law and a literal compliance with the terms of the mortgage agreement. *Clark* v. *Simmons,* 150 Mass. 357. *Bon* v. *Graves,* 216 Mass. 440, 447.

The circumstances bearing upon the good faith of the bank are as follows: In November, 1917, the notes and mortgages then being overdue four months, the bank told the plaintiff in substance that the work on the buildings in process of construction must go on more rapidly; that the interest of the bank was being jeopardized by letting the property be with only one or two men working on it; and that some action on foreclosing the property would be necessitated unless the work was carried on more rapidly. In the middle of January, 1918, the plaintiff was again told that the interest of the bank was jeopardized by the fact that no further work was done after the talk in the previous November. Foreclosure proceedings began January 11, 1918, by publication in a newspaper published in Watertown, Massachusetts, as required by the mortgages, and the notice was again published in the same paper on January 18 and 25. Saturday, February 2, 1918, was designated as the date of the sale of all the lots, — the first to be sold at nine o'clock in the morning, and the others at ten minute intervals until 10:40 A.M. As regards the notice the plaintiff testified: "I wasn't surprised that the bank took some action at the time they started foreclosure. The work stopped November 25 and practically five months the bank did nothing except protest to me before starting foreclosure proceedings. I received notice of the foreclosure sale of all these lots on January 17, 1918. I knew what it was. I had personal knowledge of this sale to take place on February 2, on January 16 or 17. I was personally present as a result of the notice of that sale." In November, when the work had ceased entirely, efforts were made by the defendant with the knowledge and desire of the plaintiff, by advertisement in the papers, to interest contractors and at least one lumber dealer to take over the houses and finish them; and the plaintiff testified that he was glad to have somebody come to his rescue and to have the defendant make some effort to assist him at this time. No success, however, was attained, and after foreclosure proceedings were determined upon efforts were made by the defendant

to interest people as customers to attend the sale and buy the property.

As advertised, the sales were held on February 2, 1918, — a very cold morning, clear and bright. There were present, when the first sale began, the plaintiff, the auctioneer and an attorney for the bank. The plaintiff testified: "After the first house was put up for bid there wasn't anybody there, I said, 'I protest this sale, this is a farce, this is not a sale.'" When the second sale began he said: "I protest this sale, this thing should be postponed, there are no bidders here." At the third sale the plaintiff again protested. No evidence was offered by the plaintiff or by others to establish or to warrant an inference that an adjournment of the sale would have been likely to have attracted a larger number of bidders, some one or more of whom would have been ready and willing to pay a substantially greater sum for any parcel of land than was in fact bid by the defendant. Of course the mere absence of bidders other than the representative of the mortgagee does not make the sale invalid, nor does the fact that the estate brought substantially less than its value, as found by the jury. *Learned* v. *Geer*, 139 Mass. 31. *Vahey* v. *Bigelow*, 208 Mass. 89, 92, 93. *Taylor* v. *Weingartner*, 223 Mass. 243, 248. *Radley* v. *Shackford*, 226 Mass. 435.

Upon a consideration of all the evidence, we are of opinion that the facts considered separably and collectively do not warrant an inference, much less prove, that the defendant acted in bad faith, with a purpose to secure the property to itself at its own price "rather than to make a fair sale in accordance with the power under such conditions as are rationally calculated to result in getting for the property as much as it reasonably may be made to bring." *Bon* v. *Graves*, 216 Mass. 440, 447. Nor do we think that the evidence was sufficient to support the claim that the sale was conducted in a careless or negligent manner, or to warrant the submission of that issue to the jury.

The motion that a verdict be ordered for the defendant should have been allowed, and judgment should now be entered for the defendant. St. 1909, c. 236, § 1.

*So ordered.*