## PAULINE F. McCARTHY *vs.* ISAAC SIMON.

Suffolk. November 14, 15, 1923. — February 25, 1924.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Limitations, Statute of. Evidence*, Presumptions and burden of proof, Common knowledge. *Bills and Notes. Pleading, Civil*, Answer. *Mortgage*, Of real estate: foreclosure. *Contract*, Consideration.

In an action, begun on December 14, 1920, by a woman upon a promissory note, secured by a mortgage of real estate, for $15,000, dated August 17, 1912, payable in two years and bearing interest after January 5, 1914, at the rate of five per cent, the defendant pleaded the statute of limitations.

It was admitted that interest was paid in July, 1914. The note showed the following indorsements: " $1,744.50 — paid on principal on within note. $331.40 interest on within note to Jan. 5, 1915." The plaintiff's evidence tended to show that the first indorsement was in the handwriting of the plaintiff and that the second indorsement was in the handwriting of the plaintiff's husband, who testified that he received that payment of $331.40, but that he did not " remember where I received it, but I received it somewhere from the defendant." None of the indorsements were made in the presence of the defendant. Testimony of the defendant tended to show that the last payments of interest and principal upon the note were made in July, 1914, the payment of interest being six months in advance to January 5, 1915. *Held,* that

(1) While the indorsements were not sufficient, standing alone, to make the statute of limitations inapplicable, the evidence warranted a finding that the plaintiff had sustained the burden of proof resting upon her of showing the suing out of process within the period set by the statute of limitations;

(2) The testimony of the defendant might have been disbelieved except so far as it constituted admissions against himself;

(3) It might have been regarded as common knowledge that interest on mortgage notes is not usually paid in advance or before it is due, and hence that the last payment of interest was not made until on or about its due date, January, 1915, which was within six years previous to the suing out of the writ.

In the answer in an action upon a mortgage note for an amount remaining due after a sale in foreclosure of the mortgage, the defendant alleged payment and that the plaintiff had agreed with the defendant to await his recovery from an illness and financial difficulties and not to press him for payment nor to exercise the power of sale contained in the mortgage, but that without notice the plaintiff repudiated such agreement and sold the property under the power of sale to himself for an insufficient price, intending to acquire the title to the mortgaged property at less than its fair market value and not acting in good faith, and that such conduct of the plaintiff had " extinguished the defendant's liability on said promissory note " and constituted in law " accord and satisfaction " thereof. At the trial of the action, the testimony of the defendant tended to support the allegations of his answer and also to show that an attorney for him at the sale had protested and had procured a continuance for one week, that the plaintiff's father had sold the property to the defendant three years before the sale for $20,000 and that the proceeds of the mortgage sale were $12,563. There was no evidence to show that there was any failure by the plaintiff to comply with any requirement of the mortgage as to foreclosure or that there were not numerous bidders at the sale. *Held,* that

(1) Evidence, offered by the defendant tending to show that the plaintiff, subsequent to the purchase at the foreclosure sale, sold the property for a sum much in excess of the price bid at the sale, properly was excluded;

(2) There was no evidence warranting a finding of bad faith on the part of the plaintiff in the foreclosure of the mortgage;

(3) The promise of the plaintiff to delay foreclosure of the mortgage was without consideration and was not binding;

(4) Mere inadequacy of price was insufficient to sustain the burden of proof upon the defendant of establishing the affirmative defence that the plaintiff did not exercise that good faith which he was bound to exercise under the power of sale contained in the mortgage.

CONTRACT, for $1,060.86 and interest from August 16, 1915, alleged to be due upon a promissory note, dated August 17, 1912, made by the defendant, payable in two years to John Fottler, in the sum of $15,000, bearing interest at the rate of four per cent from January 5, 1913, to January 5, 1914, and at the rate of five ·per cent thereafter, payable semi-annually. The note was indorsed by the payee, " For value I hereby assign all my right, title and interest in the within note and mortgage to Pauline F. Young." Writ in the Municipal Court of the City of Boston dated December 14, 1920.

Indorsements of payments upon the note and material pleadings are described in the opinion.

On removal to the Superior Court, the action was tried before *Morton,* J. Material evidence is described in the opinion. At the close of the evidence, the defendant asked the· trial judge to instruct the jury as follows: " There is no evidence to warrant a finding of a payment by defendant inside of six years before date of writ; defendant says he paid the last interest in July, 1914; plaintiff has not shown when it. was paid; therefore, verdict must be for defendant." The request was refused. On the subject of the statute of limitations, the judge charged the jury as follows: " The plaintiff would not be entitled to recover unless she satisfies you, for the burden is on her, that the payment of interest was made by the defendant on a date subsequent to December, 1914. That is the issue and the only issue, so far as it affects the question of the statute of limitations. Now on the back of the note, you will see that an indorsement is made to the effect that $331.40 was paid to January 5, 1915. That indorsement does not prove the fact that it was paid on that date because a section of the statute provides that no indorsement or memorandum of any such payment, written or made upon a promissory note by or in behalf of the party to whom such payment has

been made or purports to have been made, shall be sufficient proof of the payment to take the case out of the provisions of the statute, and of course you can see the reason for that. It is a self-serving statement put on there, and it isn't proof of the fact that the defendant made such a payment. The plaintiff, in other words, in order to take herself out of the statute, has got to satisfy you apart from what is on the back of the note, as a fact, that the payment was made subsequent to December, 1914. Now her claim is that there is evidence from which you fairly can infer such a payment was made, evidence to the effect that the payment, the last payment of interest was made in advance, was not made in advance.

" The defendant, if you remember, claims that the payment was made in advance. That is prior to January 5, 1915. The plaintiff claims that it wasn't made in advance, but that it was made subsequent and as she says January, 1915. Now you have got to infer from the evidence in the case that the payment was made after December, 1914. If your minds are left in doubt, so that you can't say on the credible evidence whether or not the payment was made subsequent to December, 1914, your verdict must be for the defendant, because she would not have then sustained the burden which is upon her. Now I think that is all I need to say about the statute of limitations. Take that question up first if you please and decide it. It ends the case unless the plaintiff has satisfied you that that payment was made subsequent to December, 1914.

" The plaintiff cannot recover because of the statute of limitations unless she satisfies you as fair, reasonable men that a payment of interest was made by the defendant subsequent to December, 1914."

The defendant also asked the trial judge to instruct the jury as follows: " If, before foreclosure, plaintiff agreed with defendant (even without consideration) to give him time and not to foreclose, until he got out of his troubles, and he relied on the agreement, and if plaintiff, in spite of that agreement and without notice to defendant, started to foreclose and foreclosed, and herself bid in the property, the defendant is entitled to credit on the note for whatever amount the

jury finds was the real value of the property when she bid it in, if such real value was over $12,700." The judge refused to charge as requested and instructed the jury that the alleged agreement was without consideration and the defendant had a week after he obtained knowledge of the advertised sale in which to begin proceedings, and to disregard the evidence on this defence as immaterial; to which instructions the defendant excepted.

The jury found for the plaintiff in the sum of $1,353. The defendant alleged exceptions.

    *E. Greenhood*, for the defendant.

    *W. Hirsh*, for the plaintiff.

RUGG, C.J. This is an action of contract to recover the balance due on a negotiable promissory note dated August 17, 1912, for $15,000, payable in two years from date to a third person, and indorsed to the plaintiff. One defence is the statute of limitations. So far as here material, indorsements on the note were, " $375 — interest on the within note paid to July 8, 1914. $1,744.50 paid on principal on within note. $331.40 interest on within note to Jan. 5, 1915." None of these were in the handwriting of the defendant. Conceded facts at the trial were that on July 8 or 9, 1914, a payment by the defendant was made on the principal of the note, the amount of which was in dispute. The sum of $375 due as interest for the six months then last past was paid by the defendant at or about the same time, this being shown by the indorsement. Confessedly the note was outlawed in the hands of the plaintiff, an indorsee, unless a payment was made thereon by the defendant within six years before the date of the writ, which was December 24, 1920. The defendant testified on this point that early in July, 1914, he met the plaintiff and her father, that he wanted a partial release of the mortgage securing the note, that the plaintiff's father insisted upon payment of twenty-five cents per foot on the land to be released and of six months' interest in advance to January 5, 1915, as a condition of giving the release. His further testimony was, "Thereupon, I agreed to pay twenty-five cents and the interest in advance, and went out saying I would be back shortly with the money

for both release and interest. In an hour I returned with a little over $2,900, sufficient to pay for the release, but I told them I could not raise the money for the advance interest. I gave them my word I would pay it within a week, and they took my word. I paid them in two $1,000 bills, one $500 bill, four $100 bills and the rest in small stuff. Within a week I paid plaintiff's father the six months interest in advance, a little over $300. That was the last money and time I ever paid on that note."

The plaintiff's father testified that no such transactions as were testified to by the defendant occurred except that he, being at that time the record holder, signed a partial release of the mortgage securing the note. The plaintiff testified that she received on July 8 or 9, 1914, $375 as interest, and $1,744.50 for the release, and that the indorsements of those payments on the note were in her handwriting. The husband of the plaintiff testified, " I received the last payment on this note. The last indorsement is in my handwriting. I don't remember where I received it, but I received it somewhere from the defendant." There was conflict upon other incidental matters between the testimony of the defendant and that of the plaintiff and of her father.

The burden of proof was on the plaintiff to show both a cause of action and the suing out of process within the period of limitations, that is, within six years prior to December 24, 1920. *Pond* v. *Gibson*, 5 Allen, 19. *Slocum* v. *Riley*, 145 Mass. 370. *Currier* v. *Studley*, 159 Mass. 17, 20. The indorsements on the back of the note were not sufficient proof standing alone to take the note out of the statute of limitations. None of them were made by or in the presence of the defendant. G. L. c. 260, § 14.

The testimony of the defendant might have been disbelieved except so far as it constituted admissions against himself. *Lindenbaum* v. *New York, New Haven & Hartford Railroad*, 197 Mass. 314. *Commonwealth* v. *Russ*, 232 Mass. 58, 70. Disregarding the testimony of the defendant, so far as favorable to himself, the remaining facts, which might have been found, were that interest amounting to $331.40 was paid by the defendant on the note, that this

amount of interest was due in January, 1915, and that this was the amount of interest on the balance due on the note according to the testimony of the plaintiff and other witnesses and was a larger amount than was due according to the testimony of the defendant. While there is no categorical evidence to the effect that the last instalment of interest actually was paid on the note within six years before the date of the plaintiff's writ, yet it might have been regarded as common knowledge that interest on mortgage notes is not usually paid in advance or before it is due, and that hence this payment of interest, confessedly made by the defendant in some amount within six months after July 8, 1914, was not made until or about its due date, that is to say, January, 1915, which would be within six years prior to the suing out of the writ. The instructions to the jury on this point were not open to objection. The verdict of the jury shows that the inference was drawn that the payment of interest was not made very long, if at all, before it was due. It cannot be pronounced unwarranted by the evidence and the inferences reasonably to be drawn therefrom.

The defendant in his answer " set up payment and also specially averred that ' plaintiff agreed with defendant to await his recovery ' from his illness and financial difficulties ' and not to press him in regard to interest or principal on said mortgage, and not to exercise the power of sale contained therein; ' that, ' without giving notice to the defendant that she repudiated said agreement or was going to ignore the same, plaintiff subsequently advertised the mortgaged premises for sale under such power of sale and sold the mortgaged property at mortgagee's sale to herself at the price of $12,700, without having given the plaintiff any adequate opportunity to turn himself around and protect himself, intending to acquire the title to the mortgaged property at less than its fair market value; ' that, by the aforesaid conduct, the plaintiff did not act in good faith as defendant's mortgagee, and that her conduct in the premises had ' extinguished the defendant's liability on said promissory note,' and constituted in law an ' accord and satisfaction ' thereof."

The averments of the answer constituted the pleading of an affirmative defence, the burden of proving which rested on the defendant. *Wylie* v. *Marinofsky*, 201 Mass. 583, 584. *Taylor* v. *Weingartner*, 223 Mass. 243, 248. *Hughes* v. *Williams*, 229 Mass. 467, 470.

The plaintiff, in August, 1915, foreclosed the mortgage by which the note was secured, purchasing the property covered by it herself and crediting on the note $12,563 after deducting expenses. With respect to this the " defendant testified in substance that in the spring of 1915, he was sick and in financial troubles, and, being pressed for payment of the mortgage by the plaintiff, he talked with her on the telephone and told her his conditions; that she told him not to worry about them, that she would wait until he got over his illness and financial troubles, and would not press him for payment or foreclosure, and he believed her; that, subsequently, in August, when he was sick abed, he accidentally learned from one Gould, an attorney, that the mortgage was advertised for foreclosure on the next day, and he sent the attorney to the sale to protest against it." Gould testified that he went to the sale, protested against it, and that it was continued by the plaintiff's auctioneer for one week. There was other evidence to the effect that the sale was continued a week. There was evidence, also, that the plaintiff's father had sold the property to the defendant for $20,000 in 1912.

" As bearing on the value of said property and to show that the defendant had been damaged by the alleged breach of said agreement to wait, and that the plaintiff, by such foreclosure, got more than the credit allowed in the net price bid at the foreclosure sale, defendant attempted to prove what plaintiff subsequently sold the property for, contending that he expected to show that it was sold for much in excess of the price so bid at the sale." This offer of evidence was excluded rightly. *Vahey* v. *Bigelow*, 208 Mass. 89, 93. It and all the other evidence in the case was insufficient to show bad faith on the part of the plaintiff in the foreclosure of the mortgage. The note was long overdue. The right to foreclose was complete and indis-

putable. There is nothing to indicate that there was not full compliance with every requirement of the mortgage as to foreclosure, or that there were not numerous bidders at the sale. The promise of the plaintiff to delay foreclosure of the mortgage was without consideration and hence was not binding upon her. *Williams* v. *Sneirson,* 225 Mass. 199. *Downing* v. *Brennan,* 232 Mass. 535. *Barnett* v. *Rosen,* 235 Mass. 244. *Rowland* v. *Hackel,* 243 Mass. 160.

The plaintiff was bound to exercise good faith in the exercise of the power of sale. *Bon* v. *Graves,* 216 Mass. 440. *Stevenson* v. *Dana,* 166 Mass. 163, 170. Mere inadequacy of price obtained at the foreclosure sale falls short of showing bad faith. *Learned* v. *Geer,* 139 Mass. 31. *O'Brien* v. *Logan,* 236 Mass. 507, 511. *Vahey* v. *Bigelow,* 208 Mass. 89, 93. All the evidence in its aspect most favorable to the defendant fails to sustain any of the affirmative defences set up in his answer. *Radley* v. *Shackford,* 226 Mass. 435. *Manning* v. *Liberty Trust Co.* 234 Mass. 544. *Stone* v. *Haskell,* 212 Mass. 283.

There was no error of law in the instructions given to the jury or in the denial of the requests for rulings.

The exception touching the expenses of foreclosure was waived.

*Exceptions overruled.*