MARY B. REHRIG *vs.* MINNIE E. INMAN.

Bristol.    October 25, 1926. — March 1, 1927.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Pleading and Practice,* Appeal.  *Equity Jurisdiction,* To set aside
   sale in foreclosure of mortgage.  *Mortgage,* Of real estate: foreclosure.
   *Evidence,* Admission in brief.

A motion by a plaintiff in a suit in equity for leave to file late appeals from
   an interlocutory and from a final decree must be denied where the only
   reason given for not filing the appeals within the proper time was belief
   by the plaintiff that the defendant would claim no appeal if the plain-
   tiff did not and there was no allegation and no proof of fraudulent
   conduct on the part of the defendant which caused the plaintiff to en-
   tertain such erroneous belief.
Where, in a suit in equity to have a foreclosure sale under a mortgage of
   real estate declared invalid and a reconveyance to the plaintiff ordered,
   findings by a master, without a report of the evidence, were in substance
   that the only ground for foreclosure was that interest "was not paid or
   tendered when due or prior to the sale"; that previous to the foreclosure
   the defendant collected rent from the property for the plaintiff and had
   in his hands sufficient money to satisfy the claim for interest; and that
   the defendant had purchased at the foreclosure sale and still held title,
   a final decree is warranted directing reconveyance of the premises to
   the plaintiff upon payment of the amount due from the plaintiff to the
   defendant in an accounting under G. L. c. 244, § 20.

BILL IN EQUITY, filed in the Superior Court on May 28,
1925, to set aside a sale to the defendant under foreclosure
of a mortgage by the plaintiff to the defendant, and for an
accounting.

In the Superior Court, the suit was referred to a master.
From the findings by the master it appeared that the plain-
tiff was the defendant's daughter; that the property was in
Attleborough; that, leaving Attleborough, the plaintiff had
left the property in the defendant's charge and the defendant
had collected the rent; that the affidavit subjoined to the fore-
closure deed set out as the only ground for foreclosure that
"the interest obligation in the above mortgage was not paid
or tendered when due or prior to the sale."

The master further found that the defendant had in her hands, prior to the foreclosure by her of the mortgage, sufficient money received from the property to satisfy her claim for interest, and that at the time the foreclosure proceedings were begun there had been no default by the mortgagor.

In stating an accounting the master found "The sum due the defendant from the plaintiff to redeem the mortgage (as of March 30, 1926) . . . to be as follows:" mortgage debt, $1,400.00; expenses in excess of rents and profits, $405.36; total, $1,805.36. Included in the sum of $405.36 were $114.89 for "Payments and loans to the plaintiff by the defendant"; $77.68, expenses of foreclosure; and $50.50, interest on a mortgage placed by the defendant after foreclosure.

The defendant filed objections to the master's report, which in substance were to findings made by the master, or failures by him to make certain findings. The suit was heard by *Walsh*, J., upon the exceptions to the report and by his order an interlocutory decree was entered overruling the exceptions and confirming the report, from which the defendant appealed.

The suit then was heard by *Dillon*, J., by whose order a final decree was entered that upon payment of $1,562.69 by the plaintiff to the defendant, the plaintiff was entitled to redeem and the defendant was ordered to reconvey the property to her. The defendant appealed.

In her brief before this court, the defendant stated: "The parties agreed at the time the final decree was filed, that in case the finding of the lower court was sustained, the plaintiff would have to pay the defendant, based on the master's finding, $1,562.69."

*N. Lemaire,* (*H. E. Carpenter* with him,) for the defendant.
*H. R. Semple,* for the plaintiff.

WAIT, J. This cause is before us upon the appeals of the defendant from an interlocutory decree and a final decree entered by the Superior Court. Motion has been filed by the plaintiff after the periods for filing appeal had expired asking that leave be granted to claim and enter her appeal. This motion must be denied. Belief that one opponent will

claim no appeal if the other does not, is not a sufficient excuse for omitting to take appropriate action to secure and perfect an appeal, unless such belief is induced by fraud. There is no allegation and no proof of fraudulent conduct on the part of the defendant which caused the plaintiff to entertain her erroneous belief.

There was no error in the order overruling the defendant's exceptions to the master's report. The finding of fact, that there was nothing due the defendant, as mortgagee, at the time of the foreclosure of her mortgage, cannot be set aside. There is no report of all the evidence. In such case, the master's findings of fact must stand. *Martin* v. *Barnes*, 214 Mass. 29. Nor was there error in the final decree. If nothing was due the mortgagee at the time of foreclosure, the sale made under the power of foreclosure was invalid. *Rogers* v. *Barnes*, 169 Mass. 179. The plaintiff, therefore, was entitled to a reconveyance upon paying such sum as might be found due on an accounting under G. L. c. 244, § 20.

The facts found justified the conclusion that such expenditure as had been made upon the premises, although greater than ordinarily would be allowed, *MacFarlane* v. *Thompson*, 241 Mass. 486, had been authorized by the mortgagor.

The defendant says in her brief that the amount found due was agreed to be correct if the ruling of the court was proper. It is not open for her, therefore, now to contest it. The order must be

*Decrees affirmed.*