NELLIE E. JOHNSTON *vs.* SEPTIMUS H. CASSIDY & another.

Suffolk.   May 12, 1932. — June 28, 1932.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, & DONAHUE, JJ.

*Mortgage,* Of real estate: foreclosure, notice, deficiency. *Evidence,* Of value, Presumptions and burden of proof, Letter.

Where, in an action of contract for an amount remaining unpaid on a real estate mortgage note after a foreclosure sale, the defendant in his answer set up and at the trial contended that the plaintiff did not conduct the sale fairly and properly or in good faith, and that consequently the full market value of the property was not received at the sale, and it appeared that the defendant did not own the property either at the time of the sale or of the trial and that he was not an expert in real estate values, it was proper to refuse to allow him to testify as to its value at the time of the sale.

At such trial, testimony merely stating the price at which the land was sold six months after the foreclosure sale was inadmissible to prove either the consideration for the sale then made or the value of the property at or prior to the time of the foreclosure sale.

Unless a mortgage of real estate requires otherwise, the mortgagor is not entitled to receive other notice of a sale in foreclosure than a notice by publication.

At the trial of the action above described, the burden of proof was upon the defendant to establish the affirmative defence set up in his answer.

Where, at the trial above described, there was evidence that notice of the foreclosure sale was mailed to the mortgagor prior to the sale in an envelope directed to his home address; that on the upper left hand corner of the envelope was printed the name and address of the attorney for the mortgagee; and that the envelope had never been returned to the attorney as unclaimed, a finding was not warranted that the letter containing the notice was not sent to the defendant or, if material, that it was not received, the presumption of fact being that it was received.

The mere facts that, at the foreclosure sale above described, the only adult persons present were the auctioneer, an agent for the plaintiff, and one other person who did not bid; that the property was worth $4,000; that the only bid was made by the plaintiff's agent and was for $2,000; and that the land was sold for $2,000 to a nominee of the plaintiff, would not warrant a finding of bad faith on the part of the plaintiff in conducting the sale.

In the circumstances above described, it was not error to order a verdict for the plaintiff.

CONTRACT against Septimus H. Cassidy and Augusta J. Cassidy. Writ in the Municipal Court of the City of Boston dated April 17, 1931.

After removal to the Superior Court, a suggestion of death of the defendant Augusta J. Cassidy was filed and Septimus H. Cassidy as executor of her will was cited in to defend in her stead.

The action was tried before *Morton*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the plaintiff in the sum of $2,340.70. The defendants alleged exceptions.

The case was submitted on briefs.

*P. G. Bolster & E. E. Mackiernan*, for the defendants.

*E. M. Sullivan*, for the plaintiff.

PIERCE, J. This is an action of contract tried to a jury in the Superior Court, wherein the plaintiff seeks to recover against Septimus H. Cassidy and Augusta J. Cassidy the balance due on a mortgage note after the sale of the mortgaged property, under the power contained in the mortgage, and the application of the proceeds of said sale in part payment of the note.

The plaintiff was the payee of said mortgage note. The

defendant Septimus H. Cassidy was the maker and his wife, the defendant Augusta J. Cassidy, indorsed said note, waiving demand and notice. After this action had been brought, to wit, on June 13, 1931, Augusta J. Cassidy died. A suggestion of her death was duly filed and Septimus H. Cassidy, executor of her will, was cited to answer and defend. He appeared and filed his answer as executor on September 29, 1931. The answer includes a general denial and allegations of payment, that the plaintiff did not notify the defendants of the foreclosure sale and that he did not conduct said sale fairly and properly or in good faith whereby the full market value of the property was not received at said sale. At the close of the evidence the trial judge directed the jury to return a verdict for the plaintiff against each defendant in the sum of $2,340.70, which was agreed to be the amount due on the note if the defendants or either of them was liable, and the defendants duly excepted. The jury returned a verdict for the plaintiff as directed by the judge. One bill of exceptions was filed, intended to cover the rights of Septimus H. Cassidy in both individual and representative capacities. The term defendant as used herein applies to him in both capacities whenever required.

The defendant admitted the validity of the mortgage and the mortgage note, and that the deed was in the statutory form with the statutory power of sale to convey the premises at 9 Hancock Place; that the foreclosure sale notice was properly published and that the expenses of the foreclosure sale were reasonable.

The uncontradicted evidence at the trial established that both note and mortgage were dated April 16, 1928; that the defendant conveyed the mortgaged property, subject to the mortgage and all unpaid taxes, on June 19, 1930, to one William E. Jackson; that in the fall of 1930, the mortgage interest not being paid, the plaintiff authorized Charles H. Cronin, an attorney at law, "to take entire charge of the enforcement of the mortgage." Mr. Cronin testified that prior to the interest day he communicated with the defendant acting through one George Johnston, a brother of the plaintiff, and, in consequence of what Johnston

said to him, communicated with Jackson; that he knew at the time that Jackson had become the owner of the equity of redemption through Cassidy's conveyance and that Cassidy was out of title though held liable on the note; and that, when Jackson gave him no particular satisfaction with relation to his intention of settling the mortgage, he made an entry for the purpose of foreclosure with the number of witnesses required by law and duly recorded the notice. The plaintiff offered evidence to prove an advertisement of the mortgaged property for sale under the power in the mortgage on January 9, 16, 23, 1931, and the defendant admitted (in his brief) that "The published notice was in due form and was published in accordance with the terms of the power." On January 31, 1931, the day set for the sale in the advertisement, the plaintiff sold the property to one Elizabeth A. Boyce under the power, who was acting as agent for the plaintiff and who subsequently deeded the property to the plaintiff. At the time and place of the sale only three adult persons were present, the auctioneer, the agent for the plaintiff (Mr. Cronin), and one other person who did not bid. When the property was put up for sale, Mr. Cronin bid $2,000, and this was the only bid. The property was sold by the auctioneer on this bid, and on the instructions of Mr. Cronin was deeded to Elizabeth A. Boyce.

There was evidence that the foreclosure advertisement was mailed to the defendant prior to the sale in an envelope directed to his home address; that on the upper left hand corner of the envelope was printed the name and address of Mr. Cronin, the attorney for the plaintiff, and that the envelope has never been returned to him as unclaimed. Mr. Cronin also testified that he mailed a like advertisement of the foreclosure sale to Jackson, the owner of the equity of redemption. The defendant contended and testified that he never received any notice of the sale until some time after it occurred.

There was evidence by experts that the property at the time of the sale was worth $4,000, which was the amount of the mortgage note. The exception taken by the defend-

ant to the refusal to allow him to testify to the value of the mortgaged property must be overruled for the reason that he was not at the time either of the trial or of the sale the owner of the property, nor an expert in real estate values. *Phillips* v. *Vorenberg*, 259 Mass. 46, 73. Testimony of the price at which the land sold six months after the foreclosure sale was inadmissible to prove either the consideration for the then sale or the value of the property at or prior to the time of the foreclosure sale. *McCarthy* v. *Simon*, 247 Mass. 514, 521. On the admitted facts the plaintiff was not required to give notice to the defendants other than the published notice. *Dyer* v. *Shurtleff*, 112 Mass. 165. The answer of the defendant constituted an affirmative defence with the burden of proof on the defendant. *McCarthy* v. *Simon*, 247 Mass. 514, 521. Manifestly the facts in evidence did not warrant a jury in finding in support of the contention of the defendant that the letter containing the advertisement was not sent to the defendant or, if material, that it was not received, the presumption of fact being that it was received. *Prudential Trust Co.* v. *Hayes*, 247 Mass. 311, 314. Nor did the evidence warrant a finding of bad faith on the part of the plaintiff because the plaintiff, in the absence of bidders, purchased the property under the power at a price which was possibly, even probably, a bargain. *Vahey* v. *Bigelow*, 208 Mass. 89, 93. *Radley* v. *Shackford*, 226 Mass. 435. *Manning* v. *Liberty Trust Co.* 234 Mass. 544. There being no evidence sufficient to warrant a finding of bad faith, the verdict was rightly directed for the plaintiff.

*Exceptions overruled.*