CAMBRIDGE SAVINGS BANK *vs.* CORNELIUS P. CRONIN & another.

Middlesex.    January 16, 1935. — February 1, 1935.

Present: CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Mortgage*, Of real estate: foreclosure, deficiency after foreclosure. *Practice, Civil*, Recoupment. *Evidence*, Presumptions and burden of proof.

*Whether* a mortgagor of real estate, who retains ownership of the equity of redemption until the mortgage is foreclosed, may recoup the damages sustained by him through improper conduct of the foreclosure sale

in an action against him by the mortgagee to recover a deficiency remaining due on the mortgage note after application of the proceeds of the sale, was not decided.

Assuming that in the circumstances above described the mortgagor may recoup such damages, the burden is on him to prove that the foreclosure sale was conducted improperly.

Statement by LUMMUS, J., with respect to the duty of a mortgagee of real estate toward the mortgagor in exercising a power of sale.

Evidence, that, at the time and place of a sale in foreclosure of a mortgage of real estate, no one showed any desire to buy; that the mortgagor, who knew of the proposed sale, did not attend it, did not cause any bidder to attend and asked no postponement, although he did watch the sale from across the street; that no one besides the auctioneer and representatives of the mortgagee was present; that the mortgagee did not adjourn the sale, but bought the property for $20,000; that there was due on the mortgage note $41,500; and that the property was worth $70,000, did not warrant a finding of misconduct on the part of the mortgagee in connection with the sale.

CONTRACT. Writ in the Third District Court of Eastern Middlesex dated August 12, 1933.

On removal to the Superior Court, the action was tried before *Broadhurst*, J. Material evidence is described in the opinion. The judge refused to order a verdict for the plaintiff in the full amount claimed. There was a verdict for the plaintiff in the sum of $2,399.95. The plaintiff alleged exceptions.

*A. I. Fine*, for the plaintiff.

No argument nor brief for the defendants.

LUMMUS, J. This is an action upon a promissory note secured by mortgage of real estate, to recover a deficiency after a foreclosure sale. The deficiency amounted to $22,849.95, with interest from May 10, 1932, the date of the foreclosure sale. The only defence is, that the plaintiff was guilty of misconduct in the foreclosure sale, with the result that the price was unduly low. The plaintiff excepted to the refusal of the trial judge to direct a verdict for the plaintiff in the full amount of the deficiency. The jury evidently found that the defence was sustained, for the damages awarded the plaintiff amounted to only $2,399.95.

In March, 1932, the board of investment of the plaintiff talked with one of the defendants about remedying the existing default in payment of principal, interest and taxes,

but nothing was done. The property was a block of four stores, with office space above. There were only two tenants, and these were not paying rent. The plaintiff advertised a foreclosure sale for May 10, 1932. No one showed any desire to buy, and the defendants, although they knew of the proposed sale, did not attend, did not cause any bidder to attend, and asked no postponement. One of the defendants did, however, watch the sale from across the street. The sale was held on a stone step adjoining the sidewalk. Besides the auctioneer, no one was present except representatives of the plaintiff. The defendants have not given us the benefit of a brief. The only possible misconduct on the part of the plaintiff that we can find in the record, is the fact that the plaintiff did not adjourn the foreclosure sale but bought the property at the sale for $20,000, whereas $41,500 was due as principal on the mortgage, and an expert witness for the defendants testified that the property was worth $51,000. One of the defendants testified as owner that the value was $70,000.

In *Rogers* v. *Barnes*, 169 Mass. 179, it was held, with three justices dissenting, that a mortgagor could recover in tort the value of his interest in mortgaged premises sold upon a foreclosure sale not based on any default, although the sale at the election of the mortgagor could have been set aside as invalid. *Chace* v. *Morse*, 189 Mass. 559, 561. *Crowley* v. *Adams*, 226 Mass. 582, 584, 585. *Rehrig* v. *Inman*, 258 Mass. 431. See also *Sandler* v. *Green*, 287 Mass. 404, 407. An action of tort and a proceeding to set aside the foreclosure are alternative and inconsistent remedies. *O'Brien* v. *Logan*, 236 Mass. 507, 510. See also *Brooks* v. *Bennett*, 277 Mass. 8, 16. Actions of tort have also been brought where the foreclosure was based upon an actual default and was lawful in form, but the foreclosure was conducted negligently or in bad faith to the detriment of the mortgagor. *Fenton* v. *Torrey*, 133 Mass. 138. *Bennett* v. *Bailey*, 150 Mass. 257, 260. *Manning* v. *Liberty Trust Co.* 234 Mass. 544. The question of the duty of a mortgagee in conducting a foreclosure sale has usually arisen upon a bill to set aside the foreclosure and redeem, or, as in this case, in an action by the

mortgagee against the mortgagors, the makers of the mortgage note, to recover a deficiency after foreclosure. In the latter class of cases it is held that "where the mortgagors were not the owners of the equity at the time of the sale . . . it is open to the makers of the note to show, as bearing upon the amount due, that the sale was not conducted as it should have been, and that more should have been realized, especially if the holder of the mortgage was himself the purchaser. Unless the makers of the note can do that they would seem to be without a remedy." *Boutelle* v. *Carpenter,* 182 Mass. 417, 419. *Vahey* v. *Bigelow,* 208 Mass. 89, 92. *Kavolsky* v. *Kaufman,* 273 Mass. 418, 423. Another remedy, however, would seem to be a bill to set aside the foreclosure sale, to redeem, and to be subrogated to the mortgage; unless the title has passed to an innocent purchaser, or the mortgagor has agreed with his grantee to satisfy the mortgage. *Sherwood* v. *Warren,* 255 Mass. 206. *Silverstein* v. *Saster,* 285 Mass. 453. *Conway Savings Bank* v. *Vinick,* 287 Mass. 448. It has never been decided whether a mortgagor who retains ownership of the equity until foreclosure may recoup his damages against the deficiency on the note in this way, where he has a plain remedy by a bill to set aside the foreclosure sale and redeem. See *Dexter* v. *Aronson,* 282 Mass. 124.

Assuming, but not deciding, that a mortgagor may do so, we consider whether the defendants have made a case for the jury. The burden was on them to prove the misconduct on the part of the plaintiff which they alleged. *Taylor* v. *Weingartner,* 223 Mass. 243, 248. *Johnston* v. *Cassidy,* 279 Mass. 593, 597. As attorney for the mortgagor in exercising a power of sale, a mortgagee is bound to exercise both good faith and reasonable diligence, and cannot shelter himself behind a mere literal compliance with the terms of the power. *Clark* v. *Simmons,* 150 Mass. 357, 359. *Price* v. *Bassett,* 168 Mass. 598. *Taylor* v. *Weingartner,* 223 Mass. 243, 247. *Krassin* v. *Moskowitz,* 275 Mass. 80, 82. In the absence of agreement or statute (G. L. [Ter. Ed.] c. 183, § 25), a mortgagee may not become the purchaser at a foreclosure sale conducted by him under a power. *Hall* v. *Bliss,* 118

Mass. 554.  His position in this respect resembles that of a pledgee, as to whom Loring, J., said in *Lord* v. *Hartford,* 175 Mass. 320, 324, "A pledgee is precluded from buying the property pledged at a foreclosure sale, on the ground that his duty to the pledgor is inconsistent with his interest as a purchaser.  His duty to the pledgor is to get the highest price which he can reasonably get for the property pledged, and his interest as a purchaser would be to buy the property as cheaply as he could."  *Hall* v. *Paine,* 224 Mass. 62, 73. When, as was the fact under the mortgage in this case, a mortgagee rightfully is both seller and buyer, his position is one of great delicacy.  Yet, when he has done his full duty to the mortgagor in his conduct of the sale under the power, and the bidding begins, in his capacity as bidder a mortgagee may buy as cheaply as he can, and owes no duty to bid the full value of the property as that value may subsequently be determined by a judge or a jury.  *Gadreault* v. *Sherman,* 250 Mass. 145, 150.  *Johnston* v. *Cassidy,* 279 Mass. 593, 597.

A mortgagee is not bound to adjourn a sale merely because of a scarcity of prospective bidders, unless a man of ordinary prudence making a forced sale of the property as his own would have deemed it advantageous and important to do so.  *Montague* v. *Dawes,* 14 Allen, 369, 374.  *Clark* v. *Simmons,* 150 Mass. 357, 360.  *Manning* v. *Liberty Trust Co.* 234 Mass. 544.  *Flynn* v. *Curtis & Pope Lumber Co.* 245 Mass. 291, 297.  *Johnston* v. *Cassidy,* 279 Mass. 593, 597.  In this case no duty to adjourn is shown.  Inadequacy in price may have some tendency to show misconduct, when coupled with other circumstances (*Clark* v. *Simmons,* 150 Mass. 357; *Bon* v. *Graves,* 216 Mass. 440, 447; *Kavolsky* v. *Kaufman,* 273 Mass. 418, 422), but without more is insufficient to warrant a finding or verdict against a mortgagee.  *Austin* v. *Hatch,* 159 Mass. 198, 199. *Manning* v. *Liberty Trust Co.* 234 Mass. 544.  *McCarthy* v. *Simon,* 247 Mass. 514, 522.  *Gadreault* v. *Sherman,* 250 Mass. 145, 150.  *White* v. *Macarelli,* 267 Mass. 596, 598. *Johnston* v. *Cassidy,* 279 Mass. 593, 597.

In our opinion there was no evidence to support the defence.  The exceptions of the plaintiff are sustained and

judgment for the plaintiff is to be entered for the full amount of the declaration. G. L. (Ter. Ed.) c. 231, § 124. *Silverstein* v. *Saster*, 285 Mass. 453, 458.

*So ordered.*