Hibbard, P. J.
This is an action of contract brought by the plaintiff as trustee under an Indenture of Trust to recover the balance due on a promissory note of which the defendants are the makers. This note was secured by a mortgage of real estate foreclosed after the date of the writ. The amount due on the note as of the date of the writ was $6127.50. At the foreclosure sale the only bid, three hundred dollars, was that of the plaintiff, and the costs of the foreclosure were one hundred dollars. We are warranted in assuming that the foreclosure was in full compliance with the terms of the mortgage and the statute law. It was undisputed that the only parties present at the sale were the plaintiff, the auctioneer, the defendant Timothy M. Carroll, and his son. The undisputed testimony was to the effect that immediately before the sale the auctioneer and the plaintiff talked with the defendant Carroll and his son for a period of fifteen minutes.
The signatures of the defendants and the consideration were admitted. No question was raised as to the plaintiff’s status as trustee. The defendants’ answer was a general denial, denial of signatures and plea of payment. The plaintiff in cross-examination stated he considered the bid made at the foreclosure sale a fair bid. The report states that the plaintiff was then interrogated as follows:
“1. Mr,. Mullins: (Attorney for the defendant).
What are the amounts of rents you received from the property?
Mr. Riordan: (Attorney for the plaintiff).
• When?
Mr. Mullins : At any time.
*577 The Court: That is too general.
Mr. Muhlins: What amounts did you receive for rent from the premises on the first of the month following the foreclosure?
Mr. JRiordan : I object.
The Court: He may answer that.
Mr. Biordan : Will your Honor note my objection and save my exceptions ?
The Court: Yes.
Mr. Garrity : I did not receive anything from the first floor, which was occupied by the Carrolls; the second floor tenant paid $22.; I got what I could for the third floor.
2. Mr. Mullins : What was this property assessed for?
Mr. Biordan : I pray your Honor’s judgment.
The Court : He may answer, if he knows.
Mr. Biordan : Will your Honor note my objection and save my exceptions ?
The Court: Yes.
Mr. Garrity: I don’t know what the property is assessed for now, but the property was assessed for $5200.”
The defendants offered no further evidence but called the Court’s attention to the case of Kavolsky vs. Kaufman 273 Mass. 418.
At the close of the evidence and before final argument, the plaintiff filed certain requests for rulings, the only material ones being as follows:
“8. The burden of proof is upon the defendant to set upon (up in) their answers and to establish the affirmative defenses that the defendant did not conduct the sale fairly and properly or in good faith.
9. That mere inadequacy of price is no evidence of lack of good faith on the part of the plaintiff.
10. That the defendants have failed to establish an affirmative defense to this action.
11. That the defendants have failed to set out in their answer any affirmative defense other than a denial of signature.”
*578 The decision of the Court is as follows:
“This is an action of contract upon a promissory note. The Defendants’ answer was a general denial, denial of signature and demand that they be proven and claim of payment. At the time of the trial, the defendants admitted the signatures of the note. It was agreed the note was for $5700.; that the note had been secured by a mortgage upon real estate, and that the mortgage had been foreclosed and the real estate had been sold for $300., being the only bid at the foreclosure sale; that the plaintiff in this case was the holder of the mortgage, and that the plaintiff purchased the property at the foreclosure sale for the amount above stated.
The plaintiff testified that the sale took place April 24,1936; that present at the sale were Timothy M. Carroll one of the defendants, together with his son, the plaintiff and the auctioneer. The plaintiff made a bid of $300. and that this was the only bid made; that previous to the sale, the plaintiff and the auctioneer talked with the defendant Timothy M. Carroll and his son for fifteen or twenty minutes; that they talked with the said defendants after the sale; that they all shook hands after the sale before they parted. In cross-examination, the witness testified that he considered $300. a fair bid; that rental value of the property was, as far as he knew, about $25. for the first floor, $22. the second floor and $15. or $20. for the third floor. The witness did not know what the assessed valuation of the property was. He said that at one time before the city had sold it for taxes, it had been assessed for $5200. but witness did not know the assessed valuation at the time of the foreclosure sale. In re-direct examination, the witness testified that the foreclosure expenses were about $100:
No defense was offered by the defendant, except that the attorney for the defendants called the Court’s attention to case of Kavolsky vs. Kaufman, 273 Mass. 418.
Upon all the evidence, I find that, the purchase price paid at the foreclosure sale by the holder of the mortgage was much less than the actual value of the property; I find that the price was inadequate to such a degree that I cannot find that the plaintiff conducted the sale in good faith, or that he acted as a reasonable and *579 prudent person would to obtain a fair price for the property, I therefore find for the defendants.
Certain Requests for Rulings were filed by the plaintiff. I rule as requested in Requests 1-2-3-4-5-6 and 7. I decline to rule as requested in Request #10. I rule as requested in Requests 8 and 11, but find said rulings are not applicable to this case for the reason that evidence was permitted to go in as to value of the property, and that the omission to plead affirmatively in the answer was not objected to until the Requests for Rulings were filed. I decline to rule as requested in Request #9.”
The report is before us upon a claim of report by the plaintiff who is aggrieved by the denial of certain requests for rulings and the admission of the evidence above set forth.
There is a settled right to set up fraud in defense to an action to recover a deficiency on a mortgage note. Wing vs. Hayford, 124 Mass. 249; Vahey vs. Bigelow 208 Mass. 89; Levey vs. Higginson 266 Mass. 381; Gordon vs. Harris 1925 A. S. 1301; Sandler vs. Silk, 1935 A. S. 2593.
Such a defense must be pleaded. The answer in the instant action contained no such plea.
The 8th, 10th and 11th requested rulings should have been given.
The burden of proof if such issue had been properly raised was on the defendant. Gordon vs. Harris supra. The 9th request was properly denied. It does not accurately state the rule. The true rule is that inadequacy in price may have some tendency to show misconduct when coupled with other circumstances but without more is insufficient to warrant a finding or verdict against the mortgageé. Cambridge Savings Bank vs. Cronin, 289 Mass. 379.
Viewed in this light the evidence objected to was improperly admitted. Aside from these somewhat technical considerations we find no evidence to justify the Trial Court’s decision that the plaintiff did not conduct the sale in good *580 faith and did not act as a reasonable and prudent person would to obtain a fair price for the property. So far as the record goes, the foreclosure was properly conducted, one of the defendants was present, did not bid and voiced no objection to the plaintiff’s bid and its acceptance by the auctioneer. The law as laid down in Cambridge Savings Bank vs. Cronin supra clearly controls.
It is significant even if not decisive that the defendants had not resorted to an action of tort or a proceeding to set aside the foreclosure. We find nothing in the decision in Kavolsky vs. Kaufman supra leading us to hold otherwise than is hereinbefore stated. It may be that the defendants who retained ownership of the equity until foreclosure cannot recoup any damage against the deficiency on the note in this action as they have a plain remedy by a bill to set aside the foreclosure sale and redeem. Cambridge Savings Bank vs. Cronin supra. It is not necessary however to decide this point as the defendants have not made a case. Prejudicial error is found. We cannot order a finding for the plaintiff with definiteness as to the amount thereof. Accordingly a new trial is ordered for the purpose of determining the amount due only.