Evelyn Purdie vs. Edmund B. Roche & another.

Suffolk.   November 17, 1939. — December 29, 1939.

Present: Field, C.J., Donahue, Lummus, Dolan, & Ronan, JJ.

*Mortgage,* Of real estate: foreclosure, conveyance subject to mortgage, junior mortgage.   *Surety.*

Evidence merely that the circulation of a newspaper in which a notice of sale in foreclosure of a mortgage of real estate was published was very limited and that the terms of sale required a deposit of $1,000 at the time of the sale did not require a finding that the power of sale was not exercised in good faith and with reasonable judgment.

The holder of both a first and a second mortgage of real estate given by different mortgagors was entitled, after a conveyance by the second mortgagor to a third person subject to both mortgages and a sale in foreclosure of the first mortgage which realized less than was due thereon, to maintain an action against the second mortgagor for the full amount due on the second mortgage note.

Contract.   Writ in the Municipal Court of the City of Boston dated August 22, 1938.

On removal to the Superior Court, the action was heard by *Brown,* J., who found for the plaintiff in the sum of $1,915.

*H. J. Dixon,* (*J. H. Dixon* with him,) for the defendants.

*H. C. Thompson & J. J. Grady,* for the plaintiff, submitted a brief.

Ronan, J.   The plaintiff on January 19, 1922, became the holder of a first mortgage upon certain real estate in Dorchester.   The premises subject to the said mortgage were purchased by the defendant Agnes T. Roche on April 1, 1925, who, together with her husband, the other defendant, gave the plaintiff a promissory note for $1,000 secured by a second mortgage upon the premises.   Mrs. Roche bought the property for $9,100 and sold it, in November, 1926, subject to both mortgages for $10,500.   The owner of the equity continued to pay interest on the second mortgage until the fall of 1937 when, on account of his failure to pay the taxes, the plaintiff foreclosed her first mortgage and the

property was sold to her for $3,500, which was $500 less than the amount due at that time on the first mortgage. The plaintiff then brought this action upon the second mortgage note. There was a finding for the plaintiff for the face of the note and interest. The defendants excepted to the failure of the judge to grant their requests for rulings.

The only evidence reported, other than that above recited, was the testimony of a witness who had collected the interest on the first and second mortgages since 1933, and who had charge of the foreclosure of the first mortgage, that the foreclosure was advertised in the Dorchester Beacon (the circulation of which she did not know) and that terms of sale required a deposit of $1,000 at the time of sale; and the testimony of Edmund B. Roche that he travelled through Dorchester a great deal in the course of his business and that the circulation of this newspaper was very limited — that he had not seen it on display for possibly three or four years.

The defendants contend that the foreclosure sale was not conducted in good faith because it was not advertised in a newspaper of adequate circulation and because $1,000 was required to be paid by the successful bidder at the time of sale. For aught that appears from the testimony or from the mortgage itself, the plaintiff might have been required by the terms of the mortgage to advertise the foreclosure sale in this particular paper. The defendants do not contend that this newspaper was not published in the district in which the mortgaged property was located or that it was not a publication commonly used for the publication of such sales. The testimony of Edmund B. Roche that its circulation was very limited and that he had not seen it on display for three or four years did not show that there were other papers having a greater circulation in this district, or that it was not in all the circumstances an appropriate means for advertising the sale. The requirement of a deposit of $1,000 at the time of sale did not as matter of law show that the sale was not conducted with due regard to the rights of the mortgagor and those interested in the premises. Moreover, there is no evidence of the fair market value of the property at the time of the foreclosure sale other than the amount at

which the property was bid in by the plaintiff. Its selling price in 1926 was hardly a fair criterion of its market value in 1937, not only as being remote in time but, more especially, on account of the economic conditions that prevailed within the dates mentioned and which are matters of judicial knowledge. *Howes Brothers Co.* v. *Unemployment Compensation Commission,* 296 Mass. 275. *Ohio Bell Telephone Co.* v. *Public Utilities Commission of Ohio,* 301 U. S. 292. But whether the plaintiff in the exercise of the power of sale used good faith and reasonable judgment was a question of fact, with the burden of proof upon the defendants. *Radley* v. *Shackford,* 226 Mass. 435. *McCarthy* v. *Simon,* 247 Mass. 514. It can seldom be ruled that the burden of proof resting upon oral testimony has been sustained. *Giles* v. *Giles,* 204 Mass. 383. *Donahue* v. *Leventhal,* 302 Mass. 393. The finding for the plaintiff was warranted, and there was no error in refusing the requests for rulings that were denied. *Manning* v. *Liberty Trust Co.* 234 Mass. 544. *Johnston* v. *Cassidy,* 279 Mass. 593. *Conway Savings Bank* v. *Vinick,* 287 Mass. 448. *Cambridge Savings Bank* v. *Cronin,* 289 Mass. 379. *Chartrand* v. *Newton Trust Co.* 296 Mass. 317. *DesLauries* v. *Shea,* 300 Mass. 30.

The defendants contend that their grantee took title subject to the plaintiff's second mortgage, and that the defendants became sureties for the payment of this mortgage with the land as the primary fund. *North End Savings Bank* v. *Snow,* 197 Mass. 339. *Conway Savings Bank* v. *Vinick,* 287 Mass. 448. But it does not follow, as the defendants contend, that the plaintiff was required to foreclose the second mortgage by a sale of the land before proceeding to a sale under the first mortgage. The plaintiff had a mortgage upon the land before the defendants became the owners of the equity of redemption, and the power to foreclose this mortgage was not limited or restricted by the terms of the second mortgage. In the absence of any agreement, the plaintiff was not required to foreclose the junior mortgage. It was optional with her whether she would have recourse to the land or to the personal liability of the makers of the mortgage notes in satis-

faction of her indebtedness. *Allen* v. *Woodard*, 125 Mass. 400. *Miller* v. *Levitt*, 226 Mass. 330. *City Institution for Savings* v. *Kelil*, 262 Mass. 302. *Silverstein* v. *Saster*, 285 Mass. 453. *Killoren* v. *Hernan*, 303 Mass. 93.

Moreover, the security furnished by the defendants was subject to a prior lien, and the foreclosure of the first mortgage extinguished the lien of the second mortgage but not the debt, *Peterson* v. *Abbe*, 234 Mass. 467, and as the amount received from the sale of the land was less than the amount due upon the first mortgage, it is apparent that the security for the payment of the second mortgage was of no value. A surety in such circumstances does not show any legal harm and the finding for the plaintiff for the full amount due on the note was warranted.

*Exceptions overruled.*