JAMES H. VICTORINE *vs.* LEO E. GUDMAND & another.[1] Nos. 87-809 & 87-876. April 27, 1988. *Mortgage*, Foreclosure, Real estate, Deficiency after foreclosure.

The defendants (appellants), Gudmand and wife, present us with a confusing and inadequate record from which the following can, with effort, be gathered.

On December 23, 1974, the Gudmands purchased the real property in question, assuming first and second mortgages, paying cash, and giving a note secured by a third mortgage. The plaintiff (appellee), Victorine, became the assignee of the third mortgage and the note given by the Gudmands. On June 16, 1981, the Gudmands sold the property (conveyed the equity of redemption, to use standard terminology) to a third person, Daniel C. Wells, who assumed the obligations under the three mortgages. Wells defaulted on the note secured by the third mortgage, and Victorine proceeded to foreclose that mortgage. At the foreclosure sale Victorine bid in and purchased the property for $2,000.

Victorine then commenced the present action against the Gudmands to recover a deficiency on the note secured by the third mortgage. This was tried to a jury, and, although the record does not disclose what issues were tried, it was possible to garner from the oral argument of the present appeals that the jury returned a verdict for the Gudmands on the ground that they had not received proper notice of the foreclosure sale (see G. L. c. 244,

---

[1] Thelma E. Gudmand.

§ 17B). Cf. *Palumbo* v. *Audette*, 323 Mass. 559, 560-561 (1949). By the verdict, the Gudmands were saved a substantial sum of money owing by them on their note, any recourse by them against Wells being dubious as a practical matter.

In the deficiency action the Gudmands filed a counterclaim which did not reach the jury because it was ruled against them on Victorine's motion for summary judgment. The Gudmands' first appeal herein (No. 87-876) is from that judgment. The counterclaim asserted that, because the foreclosure sale was defective, the Gudmands were entitled to "redeem," and they sought a judgment to that effect.

The counterclaim was misconceived. A defendant in the Gudmands' position, defending an action for a deficiency, may try to limit his liability on his note by showing that there was an irregularity in the foreclosure which reduced what was realized at the foreclosure sale. See *Cambridge Sav. Bank* v. *Cronin*, 289 Mass. 379, 381-382 (1935); *Sandler* v. *Silk*, 292 Mass. 493, 498 (1935); *Lynn Five Cents Sav. Bank* v. *Portnoy*, 306 Mass. 436, 439 (1940); *Manoog* v. *Miele*, 350 Mass. 204, 206-209 (1966).

It has been suggested that such a defendant might take an alternative tack (if he saw any advantage in it) and seek to set aside the irregular foreclosure, pay the amount owed on the note to the mortgagee, and thereby become subrogated to the rights of the mortgagee. (This could be called a kind of "redemption.") See *Cambridge Sav. Bank* v. *Cronin*, 289 Mass. at 381-382. The remedies described are in their nature alternative and inconsistent remedies, and mutually exclusive. In the present case the Gudmands, defending the action for a deficiency, have secured a jury verdict which wiped out their substantial liability on their note. It is quite inconsistent for them to complain about being deprived of the other route.

With a change of emphasis, the matter may be put another way. The Gudmands sold and parted with the equity of redemption. In this posture their only legitimate concern was to get the benefit of the security they gave to limit their liability on their note. See *Fenton* v. *Torrey*, 133 Mass. 138, 139 (1882); *Rice* v. *Sanders*, 152 Mass. 108, 111-112 (1890); *North End Sav. Bank* v. *Snow*, 197 Mass. 339, 341 (1908). Here they have a perfect equivalent in the jury verdict which extinguished their note altogether. In these circumstances the Gudmands stand in relation to the property like any outsiders and have no right to set aside the sale and redeem. Cf. *146 Dundas Corp.* v. *Chemical Bank*, 400 Mass. 588, 595-596 (1987).

The second appeal (No. 87-809) is from an order of a single justice of this court, affirming an order of the trial judge, which denied the Gudmands recovery of their attorney's fees and costs under G. L. c. 231, § 6F (oppo-

nent's claims "wholly unsubstantial, frivolous and not advanced in good faith"). The appeal is without merit.

*Judgment affirmed.*

*Order of the single justice affirmed.*

*Robert F. Corliss* for the defendants.
*Melvyn D. Cohen* for the plaintiff.