BANCROFT TRUST COMPANY *vs.* THOMAS COREY & another.

Worcester.   September 24, 1935. — October 30, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Bills and Notes,* Payment.   *Payment.*

The manner in which a former mortgagee of real estate dealt with it after he had sold it to himself for a nominal sum at a foreclosure sale, not shown to have been improperly conducted, and the facts that he never made any accounting to the mortgagor for the proceeds of the sale and that he carried the property on his books at a valuation equivalent to the balance remaining due on the mortgage note after the foreclosure, did not show that he had accepted the property in payment of that balance.

CONTRACT. Writ in the Central District Court of Worcester dated May 26, 1934.

The action was heard in the District Court by *Hartwell,* J.

The case was submitted on briefs.

*W. A. Garrity,* for the defendants.

*D. Goldstein & J. Asher,* for the plaintiff.

PIERCE, J. This is an appeal from an order "Report dismissed. No prejudicial error found" of the Appellate Division for the Western District. The appellants are the defendants in an action of contract brought on their joint and several promissory note by the plaintiff, a banking corporation in possession of the commissioner of banks, in liquidation under G. L. (Ter. Ed.) c. 167. The trial judge

made a finding for the plaintiff for $4,810.44.  In their brief
the defendants state that "At the trial, the defendants ad-
mitted their execution of the note" and that "Their de-
fences were payment and accord and satisfaction."  They
"admit the evidence was not sufficient to sustain their
burden of proof on their answer of accord and satisfaction"
and "They rely upon their plea of payment, as set up in
their answer, and specifically referred to in their requests for
rulings of law."  The defendants state the question pre-
sented to be, "Was there evidence introduced at the trial
upon which the trial court was required to find pay-
ment in whole or in part of the defendants' note?" and
we shall consider the quoted question as presenting the
sole issue.

Succinctly stated the facts are as follows: In May, 1925,
the plaintiff lent the defendants $5,000, and they gave the
note declared on in the plaintiff's declaration and executed
a mortgage deed to the plaintiff as security for the loan on
property owned by the defendant Thomas Corey at 76 Lake
Avenue, Worcester. On February 17, 1926, they paid $1,000
on the principal of said note.  The back of the note bore
the following words and figures: "Payments on Account of
Principal      Date Feb. 17, 1926      Amount $1000      Bal-
ance Due $4000."  On January 1, 1932, the defendants
defaulted in payment of the quarterly interest on their
note.

There was evidence that the plaintiff as mortgagee on De-
cember 7, 1932, made an open, peaceable and unopposed
entry on the premises described in said mortgage for the
purpose of foreclosing the mortgage for breach of conditions
thereof; that this declaration of purpose was duly recorded;
that after due and sufficient legal notice the plaintiff on
January 5, 1933, sold the premises described in said mort-
gage to itself for $100; that just before the foreclosure sale
the value of the mortgaged property was between $4,000
and $5,000; that the defendants occupied the premises
until they received notice to leave from the plaintiff; and
that the plaintiff never made to the defendant Thomas

Corey any accounting of the proceeds of the foreclosure sale. It was also in evidence that a leaf taken from the ledger of the plaintiff was headed "Thomas F. Corey and Emma E. Corey." In the left column appear the debits and then follow the credits. The balance represents the book value the property stands the plaintiff. A notation, December 7, 1932, indicates the day on which the plaintiff took possession of the real estate. The ledger sheet shows two undated entries immediately following the entry of November 14, 1933, which read respectively as follows: "Transferred to Main Street Realty Corporation" and "Transferred to Bancroft Trust." There was uncontradicted evidence that the undated entry on the ledger sheet "Transferred to Main Street Realty Corporation" was a record of the transfer of this particular property to the Main Street Realty Corporation; that the Main Street Realty Corporation gave back to the plaintiff a note and mortgage for $3,500 on this property; that the note and mortgage were assigned by the plaintiff to a corporation controlled by the plaintiff, known as the Bancroft Mortgage Loan Corporation; that the latter corporation assigned said note and mortgage as security for a loan from the Reconstruction Finance Corporation; that after the loan from the Reconstruction Finance Corporation was received the Main Street Realty Corporation deeded the equity back to the plaintiff; and that the sums realized from loans from the Reconstruction Finance Corporation were used in paying dividends to the depositors of the plaintiff.

The defendants' contention as we understand it is that the mortgaged property has been carried as an asset of the plaintiff at a valuation of $4,000 and not as mere security for the payment of the $4,000 note. The defendants also contend that the property after the foreclosure was carried as an asset of $4,000 during the years of 1933 and 1934 to the end of the record. It is also contended by the defendants that the ledger record shows that the plaintiff transferred the property to a holding corporation to secure a loan and took a retransfer of the mortgaged property.

Finally the defendants contend "that the plaintiff took the defendants' property at its own valuation of $4,000, and thereby set up a credit for that amount to the named note makers, the defendants."

It is plain the evidence does not require such a legal conclusion. The property was held in mortgage, and not as an asset of credit at a fixed value. There was no surplus for which the plaintiff is bound to account and no payment of principal or interest after October 1, 1931, and there is no evidence of any voidable foreclosure sale. *Johnston* v. *Cassidy,* 279 Mass. 593. *Cambridge Savings Bank* v. *Cronin,* 289 Mass. 379.

*Order dismissing report affirmed.*